## Yokum v. Thomas.

1. COVENANT: DEMAND. Where the grantor of real estate conveyed by deed setting out covenants of seisin, of right to convey, against incumbrances and of warranty, and at the time the legal title was in another who had acquired the same by fraud, it was *held*:

   1. That the covenant was broken at the time of the conveyance;

   2. But that the grantee to entitle himself to recover sums expended in proceedings to quiet his title, should have first demanded proceedings of his grantor for that purpose.

*Appeal from Keokuk District Court.*

FRIDAY, JUNE 12.

THIS is an action upon the covenants of a deed made by defendant to plaintiff. The grantor in the deed covenanted that he is lawfully seised; that he has a good right to convey; that the premises are free from incumbrances; and that he will warrant and defend. The facts found by the Court are, in substance, that the land was entered with a land warrant by defendant; that he conveyed to plaintiff; that afterwards one Maria De Kraft obtained from defendant, by fraud, an assignment of said location and warrant,

and upon such assignment the said Maria De Kraft afterwards obtained a patent for said land from the United States.

It is further found by the Court, that for the purpose of quieting the title and avoiding the effect of the patent to Maria De Kraft, and perfecting the title in the plaintiff, the plaintiff commenced a suit in equity against said Maria De Kraft and prosecuted the same to final judgment, and obtained a decree establishing the title to said land in plaintiff; that in the prosecution of said Chancery suit the plaintiff paid as attorney's fees $46.00, costs $5.55, and that he was entitled to a compensation for his time, &c., $12.50, and for these several sums the court rendered a judgment, and from this defendant appeals.

*G. D. Woodin* for the appellants.

The covenants in this deed have not been broken in such manner as to authorize the plaintiff to recover. It cannot be pretended that the covenant of seisin, of right to convey and against incumbrances, have been broken. There is certainly no breach of the covenant of warranty, for the reason that there has been no hostile assertion. *Brandt* v. *Foster et al.*, 5 Iowa, 298; *Funk* v. *Cresswell et ux.*, Id., 89; *Greenl. et al.* v. *Wilcocks*, 2 John., 1; *Vanderkarr* v. *Vanderkarr*, 11 Id., 121.

*Seevers & Williams* for the appellee, contended: 1. That when Maria De Kraft obtained the patent from the United States, the legal title became vested in her; 2. That upon the vesting of the title in her the covenant of seisin was broken; *Brandt* v. *Foster*, 5 Iowa, 287; Sedg. Dam., 175; 3. It was competent for the plaintiff to remove this superior title; *Brandt* v. *Foster*, 5 Iowa, 287; 4. Having removed such title by establishing his superior equity, he is entitled to recover his reasonable costs and expenses

incurred in so doing. 2 Pars. Cont., 287; 11 N. H., 74; 13 Id., 122; 13 Verm., 379; 12 Maine, 9; 3 Caines, 111; 4 John., 1; 7 Id., 173.

BALDWIN, Ch. J.— It is true as claimed by complainant that when Maria De Kraft obtained the patent from the United States, the legal title was vested in her, and upon this title she could have brought her action of right, and, notwithstanding the paramount equities of the plaintiff, could have obtained a judgment evicting him from the premises.

The covenants in the deed of defendant were broken, but the question then arises whether he could remove such superior title by purchase, or file this bill in equity to have the same set aside, without first having called upon the warrantor to do so? We are inclined to answer this proposition negatively. There is no excuse offered for not giving the defendant the opportunity to protect himself against the costs incurred by the complainant in the proceeding against Mrs. De Kraft. It is found by the Court that this subsequent title was obtained from defendant by fraud: if so, it was not by any fault of his, but if it was, he should at least have an opportunity to either buy in this paramount title, or bring proceedings himself to set the same aside. He could perhaps remove this cloud upon more favorable terms than any one else, and until he was notified of this outstanding title, and had been requested to have it removed, the complainant could not make him responsible for any sum expended in accomplishing this purpose.

Reversed.