## CHARLES GLEASON *v.* JACOB SMITH.

### *Covenant. Breach.*

The covenant to warrant and defend against all persons claiming the premises granted, by, from or under certain persons named, is a covenant to warrant and defend against persons having valid claims, not pretenses of claims without legal foundation and right.

ACTION of covenant. Tried by the court, upon an agreed statement of facts, at the September term, 1867, STEELE, J., presiding. The court rendered judgment for the defendant to recover his costs, to which the plaintiff excepted.

The facts agreed upon are as follows:

"On the third day of June, 1859, John Dewey gave to Albion J. Dunn a writing, of which a copy is annexed. In that writing, by mistake, the lot sold is called 'lot No. 7,' instead of No. 8, which he intended to buy and which it should have been. In 1860 said Dunn entered upon lot No. 8, which he intended to buy and which said Dewey intended to sell, and made considerable improvements upon it, and built a log house and barn, and cleared several acres; and in May, 1864, said Dunn let the cleared land to the plaintiff for a year for the rent of $8, and the plaintiff occupied it accordingly. Said Dunn then moved to Victory, Vt., leaving some of his household effects in the house. Said John Dewey died the 11th day of July, 1862, and said Dunn had been in possession of this lot then over two years without objection by him, and making said improvements.

"The defendant was administrator, with the will annexed, of said John Dewey. On the second day of June, 1864, the defendant made a contract with the plaintiff to sell the lot to the plaintiff, and put said Dunn's household stuff out of the house, and gave the plaintiff possession of the lot, and notified said Dunn of these facts; and said Smith also notified said Dunn several times that he must pay according to the agreement or give up the possession. On the third day of February, 1865, the defendant conveyed the lot to the plaintiff by the deed containing the covenants declared on. Soon after this deed was made and before May, 1865, said Dunn came back upon the land, and moved into the house, and kept and held possession of it, claiming under his purchase aforesaid, till he was put out by suit and judgment, as hereinafter stated.

"On the fifth day of July, 1865, the plaintiff commenced an action of ejectment against said Dunn, which action was duly

entered, and was tried at the March term, 1866, of the county court, and the plaintiff obtained a verdict and a judgment against said Dunn, which judgment was afterward affirmed in the supreme court. In prosecuting that suit the plaintiff incurred costs and expenses to the amount of $93.53, as the plaintiff claims, and said Dunn was so poor that nothing could ever be collected of him; and there is no likelihood that anything will ever be got of him.

" Before said suit against said Dunn was commenced, the plaintiff's attorney wrote a letter to the defendant, which he received in due time, and which is annexed.

" It is agreed that, on the foregoing statement of facts, the court shall render such judgment as the law requires, and the opinion of the supreme court may be had thereon. If the judgment should be for the plaintiff, the defendant may have the sum due assessed by the clerk, if any objection is made to the bill of charges that make said sum of $93.53.

" The parties may refer to the bill of exceptions in said action, *Gleason* v. *Dunn*, but it is agreed that the clerk need not copy it."

The following is a copy of the agreement referred to :

" I agree to convey to Albion J. Dunn, by good title-deed lot No. 7 (100 acres) in the 2d range in Granby, Vt., on his paying me therefor one hundred and fifty dollars and interest annually; which sum he agrees to pay, fifty dollars and interest May 1, 1859, fifty dollars and interest May 1, 1860, and fifty dollars and interest May 1, 1861, with interest payable annually. He may go on and clear up land, but may not draw off timber or lumber without my consent, until he pays for the land.

JOHN DEWEY.

June 3, 1857. ALBION J. DUNN."

The following is a copy of the letter referred to :

" Guildhall, June 29, 1865.

DEAR SIR : Mrs. Gleason was out to see me yesterday in relation to getting Dunn off from the lot purchased of you in Granby. She thought that, under the circumstances of the case, you should be to the trouble and expense of prosecuting the suit against him. Will you be so kind as to write me in relation to the matter ?"

*W. & H. Heywood*, for the plaintiff.

In this case the plaintiff claims that the language of the covenants of this deed shows that it was intended between the parties to it, that the defendant was to protect the plaintiff against the claim of said Dunn. The first covenant, that " Dewey died seized

and possessed of the premises," shows this, as it is entirely different from the usual covenant of seizin: 1st, in the use of the word "*possessed;*" and, 2d, in that it covenants that the seizin and possession were long prior to the date of the deed; and can not be construed to have the usual object of a covenant of seizin, that the grantor has a sufficient seizin, so that the deed shall not be avoided under the statute making deeds void where the premises are in the possession of an adverse claimant at the date of the deed. The covenant against incumbrances, which is an unusual covenant for an administrator to make, must have been made with the understanding between these parties, that the plaintiff was to be protected against this Dunn claim, which in equity was an incumbrance. Also, the words of the covenant of warranty show this intent of the parties, in the use of the words " *against all persons claiming the same by, from or under the said John Dewey,*" instead of the usual words of this covenant, *against all lawful claims,* and from the fact that this covenant is also an unusual covenant for an administrator to make. And this intention of the parties, gathered from the covenants and language of this deed, and the circumstances surrounding the transaction, should be carried into effect. *Everts* v. *Brown,* 1 D. Chip., 96.

*George N. Dale,* for the defendant.

The defendant, when he sold to the plaintiff, gave him the entire possession of the lot, with a perfect title; and that was all that could be done, and amounts to a full performance of all possible covenants.

Besides, the covenant of seizin extends only to a title existing in a third person, which may defeat the estate granted by the covenantor. *Furness* v. *Williams, admr.,* 11 Ill., 229.

The only breach of covenant the plaintiff complains of, arises from Dunn's claim, and the plaintiff has prevailed against him only by virtue of the title obtained from the defendant.

Under a covenant to defend against claims of third persons, the maker can not be compelled to protect the covenantee from unfounded claims, to furnish a universal and perpetual shield to protect the grantee from fictitious claims' being *urged;* but he

agrees to prevent their being *established*. In order to constitute a breach of the covenants, Dunn's title must be shown to be paramount as well as lawful; a better title. *Williams* v. *Wetherbee*, 2 Aik., 329; *Pitkin* v. *Leavitt*, 13 Vt., 379; *Knapp* v. *Marlboro'*, 34 Vt., 235; *Kelly* v. *Dutch Church*, 2 Hill, 105; *Reese* v. *McQuilkin*, 7 Ind., 450.

"To constitute a breach of a covenant for quiet enjoyment of real estate, there must be a union of acts of disturbance and lawful title. A possession by a mere intruder is not sufficient." *Hoppes* v. *Cheek et al.*, 21 Ark., 585.

The opinion of the court was delivered by

BARRETT, J. Action, covenant broken. The covenant is contained in a deed of the defendant as administrator of John Dewey's estate, and it is that he would warrant and defend against all persons claiming the same by, from or under the said Dewey or the defendant. The alleged breach consists in the fact that Dewey had given Dunn a contract to convey on certain conditions, and Dunn was in possession, claiming under said agreement; that the plaintiff notified the defendant that he (the defendant) should be at the trouble and expense of prosecuting a suit against Dunn to get him off the place, which notice the defendant did not regard; and the suit was successfully prosecuted by the plaintiff against Dunn, ejecting him, and recovering a bill of costs which could not be collected of Dunn, on account of his poverty. The damage claimed is the amount of this bill of costs.

It is urged that the covenant embraces, by its terms and legal effect, persons making unfounded, as well as valid, claims, and that therefore it was the defendant's duty, under the covenant, to take the burden of contesting Dunn's claim, and proving it to be unfounded, and of ejecting him from the premises. We think the language can be construed as meaning only such persons as had claims, valid claims, not pretenses of claims without legal foundation and right.

This suit is certainly of novel impression, and no case has been cited, and no principle or precedent occurs to us, that would countenance the recovery claimed.

The judgment is affirmed.