### LUCKENBACH S. S. CO., Inc., v. UNITED STATES.

(District Court, S. D. New York. May 20, 1924.)

1. War ⊛14—Petition for compensation out of emergency shipping fund held insufficient to allege that claim was settled by Shipping Board.

Petition for compensation out of emergency shipping fund, alleging that "payment has been demanded and refused," *held* insufficient to allege that the Shipping Board had "settled" the claim, as required by Act June 5, 1920, § 2 (c) being Comp. St. Ann. Supp. 1923, § 8146¼a.

2. War ⊛14—Owner held not entitled to compensation for commitments out of emergency shipping fund, in absence of recovery against owner by third persons.

Where contract provided that owner of vessel accepts charters attached to contract "in full satisfaction of any and all claims he has or may have against the United States arising out of the requisition, and accepts the

---

⊛For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

compensation herein provided for as the just compensation provided by law," with proviso excepting such claims as the owner may have "arising out of recoveries against the owner by third parties on the vessel's commitments," owner was not entitled to compensation for vessel's commitments, in absence of recovery against owner for requisition out of emergency shipping fund, under 40 Stat. 182.

3. War ☞14—Assumption of risk of liability for damage by United States on requisition of vessel held not to cover damage occasioned by requisition itself.

Assumption by United States on requisition of vessel of "war, marine, and all other risks of whatsoever nature and kind, including risk of liability for damage occasioned to other vessels, persons, or property," *held* applicable to damage done by the ship during her operation, and not to such damage as was occasioned by the requisition itself.

In Admiralty. Petition by the Luckenbach Steamship Company, Inc., against the United States. Petition dismissed, with leave to amend.

William Hayward, U. S. Atty., of New York City, for the motion. Peter S. Carter, of New York City, opposed.

LEARNED HAND, District Judge. [1] This petition is defective in form whatever may be the facts. The twelfth article alleges that the claim was presented to the Shipping Board, though the letter, Exhibit IV, which acknowledged the claim, was from the War Department. I must assume that it was sent to the Shipping Board as required. The petition does not, however, allege that the board has "settled" the claim as required by subdivision (c) of section 2 of chapter 250 of 41 Statutes at Large, 998, Act June 5, 1920 (Comp. St. Ann. Supp. 1923, § 8146¼a). It is a condition of such a suit as this, as is shown by the proviso to that section, that the board shall have taken some action upon the claim. The allegation in article 14 of the petition that "payment has been demanded and refused" is hardly an equivalent of an allegation that the board took any final action. While the point is a narrow one, it is clear that the substance of the controversy has not been presented, and I shall dismiss the petition, so that the allegation may be made clearer, and as I hope the whole facts may be made to appear.

[2] As there must therefore be an amendment, I may say that, if the contract submitted to me at the argument is a correct copy of that entered into between the parties, the petitioner has no case, regardless of whether the "just compensation" provided in the emergency shipping fund provision of chapter 29 of 40 Statutes at Large, 182, would otherwise include such a claim as this, a question which I do not mean to be understood as considering. That contract as submitted recited that the ship had been requisitioned under the act mentioned, and had been delivered to the United States, and that both parties wished to fix the compensation which the United States should pay for her use, and to define the rights and duties of both parties. It then provided that, in consideration of the hire and the other obligations assumed by the United States, the owner accepted the charters attached to the contract "in full satisfaction of any and all claims he has or may have

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

against the United States arising out of the requisition, and accepts the compensation herein provided for as the just compensation provided by law." There then follows a proviso excepting such claims as the owner may have "arising out of recoveries against the owner by third parties on the vessel's commitments."

Thus it appears that the "just compensation" of the statute was fixed by agreement, and that the question was specifically mentioned of possible claims of third persons for the vessel's commitments, of which the suit at bar is an instance. It was agreed that only in case there were "recoveries" should the owner have a claim beyond the hire reserved. Had he meant to reserve anything more, that was the time to do so. It is now too late. Therefore, if this be the contract, the claim in suit is invalid.

[3] However, it is argued that under some of the obligations assumed by the United States under the "time form," or "bare boat form," the United States was liable. I gather from Mr. Carter's letter to me of April 18, 1924, that the actual charter adopted by the United States was the "bare boat form." If so, the form submitted on the argument must be different from that actually used, because I can only find in the former the clause relating to "risk of liability." That is the fourth article of the "bare boat form," and reads:

"The United States shall assume war, marine, and all other risks, of whatsoever nature and kind, including risk of liability for damage occasioned to other vessels, persons, or property."

This referred to damage done by the ship during her operation, as is shown by the use of the word "risk," clearly indicating some future event. It did not cover such damage as was occasioned by the requisition itself. If there are any other clauses applicable, which I cannot conceive, they may be reserved for argument on the amended petition when the full facts appear.

The case will be disposed of by granting the motion, for the reason first given, with leave to replead within 20 days. Should the petitioner insist upon standing upon the requisition alone, and refusing to plead the agreement and charters, the respondent will have to plead them, or stand again on the doubtful question of law. If the respondent insists upon raising that bare question, which will be wholly academic, whether "just compensation" covers such a claim, although in fact the requisition was followed by a contract settling compensation, possibly it will be able to do so. I hope neither side will stand on such narrow grounds, but that the petitioner will plead the contract of settlement, so that the case may be decided. If that contains nothing more than I have already considered, the amended petition may be deemed dismissed, so that an appeal may be taken.

The formal order for the present will, as I have said, merely dismiss the petition, with leave to amend within 20 days. I do not wish the case to be referred back to me, if it comes up on the motion term at a time when I am not sitting.