## LUCKENBACH S. S. CO., Inc., v. UNITED STATES.

No. 291.

Circuit Court of Appeals, Second Circuit.

May 19, 1930.

Carter & Phillips, of New York City (Peter S. Carter, of New York City, of counsel), for appellant.

Charles H. Tuttle, U. S. Atty., of New York City (Edgar G. Wandless and Rollin L. Smith, both of New York City, of counsel), for the United States.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

This suit seeks to recover expenses incurred by Luckenbach Steamship Company for counsel fees and disbursements in defending a libel in rem against its steamer Katrina Luckenbach for salvage services rendered to said vessel in August, 1918, while she was under requisition charter to the United States. After the vessel's release from the charter and redelivery to the steamship company, the salvor filed its libel in rem. Although requested by the steamship company, the United States refused to come in and defend the suit or to give bond for release of the vessel; but subsequently the United States was impleaded, and duly appeared and answered. Ultimately the libel was dismissed, both as against the vessel and the impleaded respondent, for lack of jurisdiction. The decision is reported in The Gaelic Prince (D. C.) 11 F.(2d) 426. The amended petition alleges the foregoing facts, and avers that in the trial and defense of said salvage suit the steamship company expended "for attorneys' and counsel fees, witness fees, deposition fees and other expenses, a sum amounting in the aggregate to $10,000, which sum was a reasonable charge and expenditure for such purpose." It alleges demand for payment, by letters directed to the United States Shipping Board and to the Secretary of War, and the neglect and refusal of the United States to pay plaintiff's claim.

It is conceded that the United States was liable to the salvor for the service rendered the Katrina Luckenbach—its liability was adjudged in Prince Line, Ltd., v. United States, 61 Ct. Cl. 632. It is likewise conceded that the Katrina Luckenbach was not subject to any lien for salvage when returned to her owner, and that the salvor's libel in rem was unfounded. This was decided in The Gaelic Prince, supra, following The Western Maid, 257 U. S. 419, 42 S. Ct. 159, 66 L. Ed. 299. The primary question in the present appeal is whether the charterer is bound to reimburse the owner for expenses incurred in defending an unfounded claim against the vessel based on salvage service for which the charterer was personally liable. If an affirmative answer is to be given, it must be found in the terms of the charter party, first, because the owner has expressly agreed to accept the charter obligations of the United States in full satisfaction of all claims the owner may have arising out of the requisition; and, second, because, in the absence of a voluntary assumption of liability by the United States, the question would have to be answered in the negative, for the requisition of a vessel would not entitle the owner to recover consequential damages resulting from its taking. See Gershon Bros. Co. v. United States, 284 F. 849 (C. C. A. 5); Gulf Refining Co. v. United States, 58 Ct. Cl. 559.

Turning to the language of the charter, the clauses relied upon are the following:

"Third: The United States shall pay all port charges, pilotages and all other costs and expenses incident to the use and operation of the vessel.

"Fourth: The United States shall assume war, marine and all other risks of whatsoever nature or kind."

Obviously the third clause is the more favorable of the two to the appellant's contention. It is argued that the owner's cost of defending against the unfounded salvage suit is an expense "incident to the use and operation of the vessel." In a sense this is true, for the suit would have not been brought, and so the expense of defense would not have been incurred, except for the appellee's use of the vessel; but neither would the suit have been brought except for the salvor's mistake of law in supposing the vessel subject to a lien for salvage. While the use of the vessel has a causal relation to the appellant's expense, it is a somewhat remote cause of that expense. Port charges and pilotages are items of expense which result directly from the charterer's use and operation of the vessel. Under the familiar rule of noscitur a sociis, the immediately succeeding phrase, "and all other costs and expenses incident to the use and operation of the vessel," would naturally be construed to embrace items similar in character. Salvage charges would be of that sort, but expenditures in defending against an unfounded claim of lien for salvage service seem to us too remotely incident to the use of the vessel to be within the parties' contemplation as expressed in the clause above quoted. The United States agreed to return the requisitioned vessel free of liens, and agreed to pay the costs and expenses of operation, such as port charges, pilotage, salvage, and the like, but it did not in our opinion undertake to indemnify the owner against expenses arising out of the assertion by third parties of unfounded claims against the ship.

No authorities having any direct bearing on this question have been adduced by counsel or discovered by the court. But decisions governing somewhat analogous situations, if they may be thought pertinent at all, have a tendency to support the view we have expressed. Thus, a covenant to indemnify the covenantee against claims is generally construed to mean only valid claims, unless the intention is clear to include unfounded claims as well. See Bancroft v. Abbott, 3 Allen (Mass.) 524; Gleason v. Smith, 41 Vt. 293. Cf. Robinson v. Bakewell, 25 Pa. 424. Again, language which requires one party to pay the attorney's fees of another must be explicit, and such obligation is not ordinarily found in a promise to pay "expenses and charges" or "costs and charges." See De Coursey v. Johnston, 134 Pa. 328, 19 A. 1074; Henke v. Gunzenhauser, 195 Ill. 130, 62 N. E. 896; Hollander v. Central Metal Co., 109 Md. 131, 71 A. 442, 23 L. R. A. (N. S.) 1135. For tort cases, see Westfield v. Mayo, 122 Mass. 100, 23 Am. Rep. 292. Cf. Butler v. Barnes, 61 Conn. 399, 24 A. 328.

Another fatal objection to maintenance of the suit on the present pleadings lies in the failure to allege final action by the Shipping Board, as required by section 2(c) of the Act of June 5, 1920 (46 USCA § 862). See Luckenbach S. S. Co. v. United States, 299 F. 876 (D. C. S. D. N. Y.); John Russell Smith v. United States, 67 Ct. Cl. 182. This defect might be cured by amendment, but the ground first taken is of a character which cannot be so cured.

For the reasons stated, dismissal of the amended petition was correct, and the judgment is affirmed.