# IN THE SUPREME COURT OF IOWA

No. 06–1633

Filed February 26, 2010

**STEVEN A. GAEDE** and **RUTH A. GAEDE,**

Appellees,

vs.

**LESLIE D. STANSBERRY** and **MARGERY J. STANSBERRY,**

Appellants.

---

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Clayton County, Lawrence H. Fautsch, Judge.

Defendants seek further review of court of appeals' decision affirming adverse judgment for breach of covenant of title. **DECISION OF COURT OF APPEALS VACATED IN PART. DISTRICT COURT JUDGMENT VACATED AND CASE REMANDED.**

Terry D. Parsons of Olsen & Parsons Law Firm, Cedar Falls, for appellants.

Larry J. Cohrt of L.J. Cohrt Law Firm, Waterloo, for appellees.

**TERNUS, Chief Justice.**

The appellants, Leslie Stansberry and Margery Stansberry, sold property to the appellees, Steven Gaede and Ruth Gaede, that included a portion of a city street known as North Street. After the Gaedes unsuccessfully defended a quiet title action brought against them by the City of Marquette, they sued the Stansberrys for breach of covenant of title. The case was tried to the court, and a judgment was entered against the Stansberrys for over $32,000, a sum that included an award of the Gaedes' attorney fees incurred in defending the quiet title action.

The Stansberrys appealed, and the judgment was affirmed by the court of appeals. We granted further review to consider whether the Gaedes were required to give the Stansberrys notice of the quiet title action and an opportunity to defend it as a precondition to recovery of their attorney fees in defending that action. Because we conclude the Gaedes' failure to give notice precludes their recovery of attorney fees, we vacate that part of the decision of the court of appeals affirming the attorney-fee award, vacate the judgment of the district court, and remand for entry of a judgment in favor of the Gaedes that does not include the cost of defending the quiet title action.

### I. Scope of Review.

This case was tried as a law action, so our scope of review is for the correction of errors of law. *See Longfellow v. Sayler*, 737 N.W.2d 148, 153 (Iowa 2007). Accordingly, the trial court's findings of fact are binding on us if supported by substantial evidence. *See Miller v. Rohling*, 720 N.W.2d 562, 567 (Iowa 2006).

### II. Factual Background and Proceedings.

In 1998 the Gaedes purchased from the Stansberrys a parcel of land located on the Mississippi River in Marquette, Iowa. The property is a commercially zoned bare lot with remnants of a house foundation. The

Stansberrys informed the Gaedes that there had been a boat ramp on the property in the past, and in fact, remnants of an asphalt ramp, overgrown with weeds, were visible on the property. This ramp had been used for public access to the river until sometime in the mid-1990s.

Prior to closing, the Stansberrys provided the Gaedes with an updated abstract that was then reviewed by the Gaedes' attorney. The Gaedes' attorney issued a written title opinion that included standard language telling the Gaedes the title opinion did not speak to defects in title that could be disclosed by survey or by a physical inspection of the property. Although the attorney did not mention the existence of a road on the parcel, the abstract contained a plat map showing North Street extending to the bank of the Mississippi River. The property was not surveyed. The Stansberrys subsequently provided the Gaedes with a warranty deed that included the following covenant of title:

> Grantors do Hereby Covenant with grantees, and successors in interest, that grantors hold the real estate by title in fee simple; that they have good and lawful authority to sell and convey the real estate; that the real estate is Free and Clear of all Liens and Encumbrances except as may be above stated; and grantors Covenant to Warrant and Defend the real estate against the lawful claims of all persons except as may be above stated.

Approximately two years after the Gaedes purchased this land, the City of Marquette filed a quiet title action against them and the property owners to the north, claiming each property included half of an undeveloped city street known as North Street. The city also sought redress for the Gaedes' construction of a retaining wall along the river that obstructed public access to the river. The Gaedes did not tender the defense of this action to the Stansberrys, but chose to hire their own attorney to defend their title. Eventually, the Gaedes' neighbors settled with the city, and the city's action against the Gaedes proceeded to trial. The district court quieted

title to the city in that portion of the south half of North Street contained within the Gaedes' property. The court also directed the Gaedes to remove the retaining wall. This judgment was affirmed on appeal. *City of Marquette v. Gaede*, 672 N.W.2d 829, 831 (Iowa 2003).

The Gaedes subsequently filed this action against the Stansberrys, alleging breach of the covenant of title based on the fact that the Stansberrys did not own the entire property conveyed to the Gaedes. The Gaedes sought damages caused by the alleged breach, including the costs of defending against the city's claim. The case was tried to the court, and judgment was rendered against the Stansberrys for the full amount of damages sought by the Gaedes. These damages included $12,000 in decreased property value as a result of the city's ownership of a portion of the conveyed property, $1540.79 to remove the improvements made on the city's land, and $23,762.93 incurred in defending the quiet title action. These damages were reduced by $5000 paid by the attorney who had reviewed the abstract for the Gaedes.

The Stansberrys appealed on several grounds, and as noted above, the judgment was affirmed by the court of appeals. We granted further review to consider the Stansberrys' contention that the Gaedes' failure to give the Stanberrys notice of the quiet title action and an opportunity to defend precluded the Gaedes' recovery of their costs of defending that action.[1]

**III.  Discussion.**

This court has long allowed the recovery of attorney fees incurred in defending title as an element of damages for breach of the covenant of title.

---

[1]The Stansberrys frame their argument in a theory of equitable estoppel. They also rely on authorities recognizing a common-law requirement of notice and opportunity to defend. We choose to address this issue as a matter of common law, and therefore, do not discuss whether the Gaedes are equitably estopped from recovering their expenses in defending title.

*See Meservey v. Snell*, 94 Iowa 222, 227, 62 N.W. 767, 769 (1895). In *Meservey*, we observed:

> The practice of allowing such fees is not uniform, but the weight of authority seems to be in favor of allowing them if necessary and reasonable, especially if the warrantor has been notified of the litigation, and given an opportunity to protect his warranty.

*Id.* We did not determine in *Meservey* whether notice to the warrantor and an opportunity for the warrantor to defend title was required as a prerequisite to the recovery of attorney fees. Many years later, the question of whether notice was required arose under analogous circumstances in *Turner v. Zip Motors, Inc.*, 245 Iowa 1091, 65 N.W.2d 427 (1954).[2] We concluded in that case, however, that the issue had not been raised in the trial court, and so we did not address it. *Turner*, 245 Iowa at 1101, 65 N.W.2d at 433.

Based on these cases, the parties and the court of appeals proceeded on the assumption that this court had not had the occasion to determine whether notice and an opportunity to defend a challenge to title is required before the costs of defending title may be recovered for breach of a warranty or covenant of title. This supposition is not exactly accurate. Our holding in an early case, *Yokum v. Thomas*, 15 Iowa 67 (1863), appears to be clear authority that such notice is required.

In *Yokum*, the defendant had deeded property to the plaintiff and had "covenanted that he [was] lawfully seised; that he [had] a good right to

---

[2]In *Turner*, the defendant's employee sold the plaintiff's automobile to a third party without the plaintiff's knowledge or permission. 245 Iowa at 1094–95, 65 N.W.2d at 429. Thereafter, the plaintiff was required to defend a replevin action brought by the third party claiming ownership of the vehicle. *Id.* at 1095, 65 N.W.2d at 429. In the plaintiff's suit against the defendant to recover the costs of defending against the replevin action, this court concluded the plaintiff could recover his attorney fees under the general principle that, "if through the tort of A, B is in good faith involved in litigation with C, . . . B may then recover the reasonable value of his expense for employment of counsel . . . from A." *Id.* at 1098, 65 N.W.2d at 431.

convey; that the premises [were] free from incumbrances; and that he [would] warrant and defend." 15 Iowa at 67. Subsequently, a third party claimed to own the property, so the plaintiff successfully pursued an action against the third party to quiet title. *Id.* at 67–68. The plaintiff then sued the defendant for breach of the covenants in the deed and obtained a judgment that included the plaintiff's attorney fees in the suit to establish his title. *Id.* at 68. On the defendant's appeal, this court held:

> The covenants in the deed of defendant were broken, but the question then arises whether [the plaintiff] could remove such superior title by purchase, or file this bill in equity to have the same set aside, without first having called upon the warrantor to do so? *We are inclined to answer this proposition negatively.* There is no excuse offered for not giving the defendant the opportunity to protect himself against the costs incurred by the [plaintiff] in the proceeding against [the third party.]

*Id.* at 69 (emphasis added).

This conclusion appears to be in accord with the general rule under common law that, "before a covenantee may recover the expenses attending the defense of the title to the property, the covenantor must be given notice of the proceeding in which the validity of the title is attacked and have failed to or chosen not to defend." Jeffrey J. Shampo, 20 Am. Jur. 2d *Covenants, Conditions, and Restrictions* § 143, at 663–64 (2005). This requirement of notice and an opportunity to defend is supported in case law from other states. *See Bridwell v. Gruner*, 209 S.W.2d 441, 442 (Ark. 1948); *Culbreth v. Britt Corp.*, 56 S.E.2d 15, 19–20 (N.C. 1949); *Lasswell v. Prairie Oil & Gas Co.*, 47 P.2d 598, 601–02 (Okla. 1935); *Black v. Patel*, 594 S.E.2d 162, 165–66 (S.C. 2004); *Mellor v. Chamberlin*, 673 P.2d 610, 613 (Wash. 1983); *accord Robert A. Reichard, Inc. v. Ezl. Dunwoody Co.*, 45 F. Supp. 153, 157 (E.D. Pa. 1942).

At least one court has observed that the requirement of notice and an opportunity to defend is necessary in order to bind the covenantor to the judgment rendered in the action contesting title. *Culbreth*, 56 S.E.2d at 19. But in *Mellor*, the court noted a broader purpose behind the requirement; it commented that when the covenantee retains "the driver's seat" in the litigation, he may "not assert all defenses or utilize all strategies to challenge [the third-party] claim." 673 P.2d at 613. This sentiment is consistent with this court's comments in *Yokum* that notice was required in order to give the covenantor the opportunity to remove the cloud on title upon more favorable terms than those accomplished by the covenantee. 15 Iowa at 69.

The Stansberrys echo this rationale in their argument in this case. They contend it was unreasonable for the Gaedes to expend nearly $24,000 defending title to property that was worth half that sum. They assert that had they known the Gaedes would hold them accountable for the cost of defending the quiet title action, "the Stansberrys could have proceeded to provide a defense with counsel of their own choosing, thereby controlling the costs as well as having input on the result, including the potential for a favorable verdict or a reasonable settlement." The Stansberrys note that the Gaedes' neighbors negotiated a settlement with the city that allowed them to retain title to the roadway on their property with the city taking only an easement for a walkway. In contrast, the Gaedes, they assert, did not seek a middle ground, proceeded to trial, and now expect the Stansberrys to bear the full cost of the Gaedes' failed strategy.

We think the situation described in the present case illustrates the wisdom of the common-law rule that requires one to give notice and an opportunity to defend before one may recover attorney fees for breach of covenant of title. Consistent with our decision in *Yokum*, we hold that a buyer who must defend title to property may not recover the expenses of that

8

defense from the seller of the property unless the buyer has given the seller notice of the challenge to title and an opportunity to defend title. Such notice was not given here. For that reason, the district court erred in awarding the Gaedes the costs they incurred in defending the city's quiet title action.

### IV. Disposition.

We vacate that portion of the court of appeals' decision that affirmed the trial court's award of the Gaedes' legal fees and expenses in the underlying quiet title action. We also vacate the judgment of the district court and remand this case for entry of judgment in favor of the Gaedes in the sum of $13,540.79 plus interest and court costs.

**DECISION OF COURT OF APPEALS VACATED IN PART. DISTRICT COURT JUDGMENT VACATED AND CASE REMANDED.**

All justices concur except Baker, J., who takes no part.