# IN THE COURT OF APPEALS OF IOWA

No. 16-0031
Filed January 25, 2017

**EUGENE BURNELL GARRETT JR.,**
        Plaintiff-Appellee,

**vs.**

**TERRY COLTON,**
        Defendant-Appellant.
_____


Appeal from the Iowa District Court for Union County, Dustria A. Relph, Judge.


A defendant appeals the district court's decision ordering specific performance of a partition fence agreement between adjoining land owners. **AFFIRMED AND REMANDED.**


Jami J. Hagemeier of Williams & Hagemeier, P.L.C., Des Moines, for appellant.

Brant D. Kahler and Michael R. Blaser of Brown, Winick, Graves, Gross, Baskerville & Schoenebaum, P.L.C., Des Moines, for appellee.


Heard by Danilson, C.J., and Vogel and Vaitheswaran, JJ.

**VOGEL, Judge.**

Terry Colton appeals the district court's decision ordering specific performance of a partition fence agreement between himself and Eugene Garrett, who are adjoining land owners. Colton contends on appeal the court erred in prohibiting him from admitting exhibits and calling witnesses as a sanction for failing to disclose the evidence during discovery. He further claims the court erred in ordering an equitable remedy—specific performance—when the case was tried as an action at law. Finally, he claims substantial evidence does not support the court's decision that Garrett was in substantial compliance with the agreement.

## I. Background Facts and Proceedings.

Colton and Garrett are adjoining land owners in rural Union County. The parties entered into a partition fence agreement in December 2012 to resolve a previous dispute regarding the fence that separates their properties. *See* Iowa Code §§ 359A.12, .13 (2013). The agreement specified, among other things, the part of the fence each was responsible for maintaining; the type of wire and the height at which the wire was to be strung; the type, height, and spacing of the posts to be used; and the closing of a gated entrance. It also provided:

> Hedges, shrubs, trees, and other vegetation shall be cut and cleared from touching the partition fence. Each Party is responsible for such clearing on their respective sides of the partition fence. Damage to the partition fence caused by felled branches or trees shall be promptly repaired by the Party who owns the real property on which the tree emanates, regardless of which Party is otherwise responsible for that damaged portion of the partition fence under this Agreement.

The agreement also provided that the partition fence had to be "brought to the standards contained" in the agreement before December 31, 2012, weather permitting, but if the weather did not permit the necessary repairs, then the repairs had to be completed by May 31, 2013. The agreement further stated, "Each Party is prohibited from instituting any action against the other Party that pertains to the fence and to the livestock owned by Garrett until the repairs to the fence have been made in accordance with this Agreement."

In November 2014, Garrett filed a petition alleging Colton "ha[d] failed to comply with his repair and maintenance obligations under the Partition Fence Agreement" and asking the court to conclude Colton breached their contractual agreement. Garrett asked the court to order Colton to specifically perform under the agreement or award Garrett a monetary award for the cost to bring Colton's sections of the fence into compliance with the agreement.[1] Trial was set for November 23, 2015. Colton represented himself at the district court, answering discovery. In conformance with the trial scheduling order, Colton filed his witness and exhibit lists on November 16. In response to the pretrial filings of Colton, Garrett filed a motion to exclude four witnesses and 143 photographs that had been requested but had not been previously disclosed through discovery. At the start of the bench trial, the court granted Garrett's motion to exclude the witnesses and the exhibits.

---

[1] Garrett also alleged Colton negligently damaged his property in April 2014 during a controlled burn. After trial, the court concluded Garrett did not prove he suffered any damages and denied Garrett any relief on that claim. That portion of the district court's ruling is not at issue in this appeal.

The court heard testimony from both Garrett and Colton, along with the testimony from Doug Campbell, who inspected the fence for Garrett on multiple occasions, and Clint Young, a fence contractor, who estimated the cost to replace Colton's fence. The court issued an oral decision at the end of trial that Garrett was in substantial compliance with the agreement based on the "very neutral and objective" testimony from Campbell. The court ruled it was "not going to interpret this contract to mean that if there is a little bit of brush in the fence then this contract is null and void and you don't have to do anything because there is a little brush in the fence." The court ordered specific performance of the agreement, and the parties agreed Campbell would be retained, at Colton's cost, to again inspect the fence and inform each party what needed to be done to bring the fence into compliance. Campbell was also to do a second inspection and a report to the court in June 2016 when the repairs had been completed. The court further provided it "reserve[d] the right to take any further action necessary to ensure the parties have complied with all obligations required of them under the Partition Fence Agreement."[2]

Colton filed a posttrial "objection to Mr. Douglas Campbell serving as fence viewer," asserting Campbell was biased in favor of Garrett and that Colton only agreed to Campbell serving in this role during trial because he felt pressured to do so. He asked for a "neutral third party observer" to conduct the inspections.

---

[2] We conclude the court's oral ruling at trial on November 23, 2016, together with the written ruling entered December 7, 2015, to memorialize that oral ruling, is the final ruling for the purposes of the right to appeal because it "conclusively adjudicate[d] all the rights of the parties." *See Rowen v. LeMars Mut. Ins. Co.*, 357 N.W.2d 579, 581 (Iowa 1984). The court "merely reserved jurisdiction to decide issues that may arise while the adjudication is being implemented." *Id.* at 582. Therefore, this appeal is not interlocutory, and we have jurisdiction to proceed.

In support of his objection, Colton submitted additional photographs he asserted were taken less than two weeks after trial that he claimed showed Garrett's fence out of compliance with the agreement. The district court denied Colton's objection, noting Colton stipulated during trial to Campbell serving as a neutral person to inspect the fence and noting it would not consider the additional photographs submitted with the objection in light of the fact the record had been closed. Garrett was also awarded attorney fees because the agreement provided for attorney fees to be awarded to the prevailing party in any action to enforce the agreement.

Colton appeals.

## II. Scope and Standard of Review.

Our scope of review on appeal is governed by the manner in which the action was tried to the district court. *Mosebach v. Blythe*, 282 N.W.2d 755, 758 (Iowa 1979). Both parties agree the action was tried at law in light of the court's rulings excluding evidence based on numerous evidentiary objections. *See Sille v. Shaffer*, 297 N.W.2d 379, 381 (Iowa 1980) (noting ruling on evidentiary objections "is normally the hallmark of a law trial, not an equitable proceeding"). Therefore, our review is for correction of errors at law. *Gaede v. Stansberry*, 779 N.W.2d 746, 747 (Iowa 2010). "[T]he trial court's findings of fact are binding on us if supported by substantial evidence." *Id.*

We review for abuse of discretion the court's imposition of sanctions for discovery violations. *Whitley v. C.R. Pharmacy Serv., Inc.*, 816 N.W.2d 378, 385 (Iowa 2012).

### III. Discovery Sanction.

For his first claim on appeal, Colton asserts the district court committed reversible error when it excluded his photographs and the testimony of four of his witnesses for failing to disclose this evidence during discovery.[3] He claims the court should have considered the four factors outlined in *Lawson v. Kurtzhals*, 792 N.W.2d 251, 259 (Iowa 2010), before excluding the evidence, and the failure to consider those factors amounts to an abuse of discretion.

The district court has the inherent power to regulate cases within its jurisdiction to final disposition, and this inherent power includes the authority to exclude evidence for failing to supplement discovery. *See Lawson*, 792 N.W.2d at 258. "Noncompliance with discovery requirements is often not tolerated." *Id*. We will find an abuse of discretion if the court's ruling "rests upon clearly untenable or unreasonable grounds." *Id.* "In determining whether the court has abused its discretion, we must determine whether the trial court appropriately considered the options available." *Id.* at 259. The *Lawson* court adopted four factors that it believed "provide[d] an appropriate framework for determining whether the trial court abused its discretion in prohibiting" a party from presenting

---

[3] As an initial matter, Garrett claims Colton did not preserve error on this claim because Colton did not make an offer of proof as to the excluded evidence. *See* Iowa R. Evid. 5.103(a) ("A party may claim error in a ruling to admit or exclude evidence only if the error affects a substantial right of the party and: . . . (2) If the ruling excludes evidence, a party informs the court of its substance by an offer of proof, unless the substance was apparent from the context."). It is apparent from Garrett's motion and the parties' discussion on the record in this case that the exhibits at issue involved pictures taken of the fence at various periods of time from April 2014 until November 2015. Pictures that Colton asserts show Garrett's noncompliance with the agreement. Presumably Colton's witnesses would have also offered testimony regarding the condition of the fence since the agreement was entered. To the extent an offer of proof was necessary to preserve error on this claim, we conclude the court's ruling excluding the evidenced in question can be reviewed because the substance of the evidence is apparent from the context of the case. We thus choose to address the merits of Colton's claim on appeal.

evidence that had not previously been disclosed in discovery. *Id.* Those factors are: "(1) the party's reasons for not providing the challenged evidence during discovery; (2) the importance of the evidence; (3) the time needed for the other side to prepare to meet the evidence; and (4) the propriety of granting a continuance." *Id.* (quoting 27 C.J.S. *Discovery* § 102, at 169 (2009)).

When reviewing the district court's imposition of a discovery sanction, we can consider these four factors to determine whether the court abused its discretion, but we will not interpret *Lawson* to stand for the proposition that the trial court's failure to articulate on the record its consideration of these four factors amounts to an abuse of discretion. Colton faults the district court for not considering these factors, but when asked to respond to Garrett's motion to exclude, Colton provided no information to the court that could have assisted the court in applying these factors. When asked to respond to Garrett's motion, Colton only stated he objected to the exclusion of one exhibit, containing eight photographs, because Colton believed Garrett's counsel had these pictures as a result of previous litigation between the parties; an assertion Garrett's counsel's denied.

Colton provided no reason why the evidence he sought to introduce at trial was not disclosed as part of discovery,[4] he made no argument as to the importance of the evidence to the trial, there was no discussion by either party of the time needed for Garrett to prepare to respond to the evidence, and there was no argument regarding the possibility or feasibility of continuing the trial. In light

---

[4] The parties do not dispute that Garrett's discovery requests demanded the disclosure of the evidence in question.

of Colton's failure to offer reasons for the nondisclosure, to indicate the importance of the evidence, or to make any assertion that the continuance of the trial would not have prejudiced Garrett, we do not find the district court abused its discretion in excluding the evidence in question. Garrett was prepared and ready for trial on the appointed date and he should not be required to conduct further discovery at that late point because Colton failed to timely disclose evidence. *See id.* at 260 (noting the district court did not abuse its discretion in excluding evidence that was disclosed days before trial and after one continuance where opposing party "was ready for trial and should not be expected to do further discovery because of the late supplementation or endure another continuance at that late date").

## IV. Equitable Remedy.

Next, Colton asserts the court erred in granting an equitable remedy—specific performance—when the action was heard at law. Colton contends that because the action was at law, the court was without authority to order specific performance of the agreement. We disagree.

"Joinder of legal and equitable causes is not forbidden by our present rules of civil procedure, but our statutes still recognize two kinds of civil proceedings—ordinary and equitable." *First Nat'l Bank in Sioux City v. Curran*, 206 N.W.2d 317, 320 (Iowa 1973). "When an action involving law and equity causes is commenced by ordinary proceedings, . . . either party is entitled to have the issues exclusively cognizable in equity tried by equitable proceedings." *Id.* at 321; *see also* Iowa Code § 611.10 ("Where the action has been properly commenced by ordinary proceedings, either party shall have the right, by motion,

to have any issue heretofore exclusively cognizable in equity tried in the manner hereinafter prescribed in cases of equitable proceedings.").

However, in order to have an equitable issue that has been raised in an ordinary proceeding tried in equity, a party must raise an objection and ask to have the issue tried in equity. *See* Iowa Code § 611.12 ("An error as to the kind of proceedings adopted in the action is waived by a failure to move for its correction at the time and in the manner prescribed in this chapter"); *Knight v. Anderson*, 292 N.W.2d 411, 412 (Iowa 1980) ("Although claimants seek specific performance of an alleged oral contract to convey property, they filed a claim in probate. The case was tried in probate to the court as a law action . . . . Neither party objected to that procedure. Therefore, any error as to the forum is waived." (citation omitted)); *Fort Madison Sav. & Loan v. Marion Cty. Sav. & Loan*, 310 N.W.2d 545, 546 (Iowa Ct. App. 1981) ("[D]efendant urges that the remedy of rescission was not available in an action tried at law. We note that rescission was specifically prayed for in one count of plaintiff's petition and that there was no motion by defendant under s[ection] 611.10, The Code, to transfer that count to equity. We therefore conclude that the issue was properly before the court for determination in the trial of this action.").

Colton made no objection or motion asking for the specific performance claim to be tried in equity; we therefore conclude the issue is waived.

**V. Substantial Evidence.**

For his final claim on appeal, Colton asserts the court erred by finding Garrett was in substantial compliance with the fence agreement. Colton asserts that pursuant to paragraph six of the agreement all hedges, shrubs, trees, and

other vegetation had to be cut and cleared from touching the fence and each party was responsible for clearing their respective sides of the fence. Under paragraph nine, "Each party is prohibited from instituting any action against the other party that pertains to the fence . . . until the repairs to the fence have been made in accordance with this agreement." Colton asserts that reading these two paragraphs together requires Garrett to clear all vegetation from touching the fence before Garrett should have been able to file a lawsuit against Colton based on Colton's noncompliance with the agreement. Because Colton asserts he provided the court with evidence that there was vegetation touching the fence on Garrett's side, he contends the court erred in not dismissing this lawsuit and in granting Garrett's request for specific performance.

In denying Colton's request to dismiss the lawsuit based on Garrett's lack of compliance with the agreement, the court stated:

> Mr. Colton argues basically that Mr. Garrett's claim is not ripe and should be dismissed because he claims that Mr. Garrett has not complied with the provisions of paragraph 9 of the agreement.
> However, Mr. Colton, I am bound by the rules of evidence and the evidence that has been presented. I take and I assign credibility to the evidence, and I observe it. The Court gets to decide what is believable and what is not believable and what weight to give that evidence.
> The evidence presented today came from Mr. Garrett and Mr. Campbell. Both Mr. Garrett and Mr. Campbell testified that Mr. Garrett was in substantial compliance with this partition agreement. You are asking me not to believe Mr. Garrett. However, based upon what I have seen and heard today, I can't say that I believe Mr. Garrett any more or any less than I believe you. But I do believe that Mr. Campbell is a very neutral and objective individual who has nothing to gain by any of these proceedings. His testimony was that Mr. Garrett was in substantial compliance with the fencing agreement.
> The extent of him not being in compliance, to me, what I heard was that there may be some brush still in the fence. Now, I

am not going to interpret this contract to mean that if there is a little bit of brush in the fence then this contract is null and void and you don't have to do anything because there is a little brush in the fence. I am not going to interpret it that way. If we interpreted it that way, you two will never get this resolved. We are going to resolve it soon. You guys are both going to go your own ways and live happily ever after.

I find that Mr. Garrett has substantially complied with the Partition Fence Agreement, and he is entitled to the relief requested in his petition. I am going to order specific performance of this agreement, which means I am not going to ask you to do anything more than what this agreement says, and I am going to hold Mr. Garrett to that as well. If there is anything he hasn't done yet, he is going to do it now, and so are you.

Colton points out that Campbell testified as much as twenty-five percent of Garrett's fence line had vegetation. Campbell went on to testify that while he did observe vegetation touching the fence from Garrett's property the vegetation was not causing the fence wires to sag down or break. Thus, the vegetation did not cause the fence to come out of compliance with the agreement's requirements for the height of the fence wire. If the vegetation did not affect the structural integrity of the fence or cause the fence to otherwise come out of compliance, Campbell ignored it for the purposes of his report. Based on Campbell's inspection, it was his opinion that Garrett was in substantial compliance with the agreement, but Colton was not.

Our supreme court has defined "substantial performance" to be the performance of a contract "without a material breach." *Flynn Builders, L.C. v. Lande*, 814 N.W.2d 542, 546 (Iowa 2012) (quoting II E. Allan Farnsworth, *Farnsworth on Contracts* § 8.16, at 518 (3d ed. 2004)).

Substantial performance is that which, "despite deviations from the contract requirements, provides the important and essential benefits of the contract to the promisee." The doctrine is intended to protect the right of compensation of those who have performed in

all material and substantive particulars, and it excuses contractual deviations or deficiencies which do not severely impair the purpose underlying a contractual provision.

*SDG Macerich Props., L.P. v. Stanek Inc.*, 648 N.W.2d 581, 586 (Iowa 2002) (citations omitted). When the remedy is specific performance of a contract, substantial performance by the plaintiff is allowed so long as the plaintiff's "non-compliance does not affect the essence of the agreement, does no violence to the manifest intention of the parties, nor shows gross negligence." *Shaw v. Livermore*, 2 Greene 338, 342 (1849).

Viewing the evidence in the light most favorable to the court's judgment, as we must, we conclude substantial evidence supports the court's determination that Garrett substantially complied with the fence agreement. *See EnviroGas, L.P. v. Cedar Rapids/Linn Cty. Solid Waste Agency*, 641 N.W.2d 776, 781 (Iowa 2002). The purpose of the contract was to maintain a partition fence between the parties' properties so that Garrett's cattle would not invade Colton's land. The contract provided certain specifications as to the makeup of the fence and assigned the maintenance duties between the parties. The evidence at trial indicates that before Garrett filed the lawsuit, he asked Campbell to inspect the fence to point out areas where the fence was not in compliance with the agreement, both the portion of the fence assigned to Colton and the portion of the fence assigned to Garrett. Garrett repaired the parts of his fence that Campbell informed him were out of compliance with the agreement, and Campbell testified he came back out to the property to ensure the repairs to Garrett's fence had been made. This occurred in the months before Garrett filed suit in November 2014. In May 2015, during the pendency of the lawsuit, before

trial occurred in November 2015, Campbell again inspected the fence and found Garrett's portion of the fence to be in "good condition."

While Campbell testified there was vegetation touching the fence from Garrett's property, that vegetation did not otherwise impair the integrity of the fence or cause the wires to sag or break. Campbell testified that Garrett's fence would "turn cattle"—"the cattle would not go on the other person's property"—but Colton's fence in places would not turn cattle. Thus, based on Campbell's testimony, which the district court found to be unbiased and credible, the purpose of the agreement had been served with respect to Garrett's portion of the fence despite the vegetation touching the fence. We conclude substantial evidence supports the court's determination Garrett was in substantial compliance with the agreement so as to justify the court ordering specific performance.

## VI.  Attorney Fees.

Both parties request an award of appellate attorney fees in light of the language in the partition fence agreement that provides:

> The costs and expenses, including attorney fees, associated with any action between the Parties in the future in relation to the fence, inspection, and assessment of the fence and/or enforcement of this Agreement shall be recoverable by the prevailing Party and borne by the losing Party in any such action.

Pursuant to this same provision, the district court ordered Colton to pay $19,358.75 of Garrett's attorney fees and expenses associated with the trial in this case. As Garrett is also the prevailing party on appeal, he is entitled to an award of appellate attorney fees. However, Garrett did not file an application or affidavit with this court to provide us with the amount of fees and costs he is requesting. Therefore, the issue of the award of appellate attorney fees is

remanded to the district court so that an evidentiary hearing can be held. *See Bankers Trust Co. v. Woltz*, 326 N.W.2d 274, 278 (Iowa 1982).

**VII. Conclusion.**

We affirm the district court's decision ordering specific performance of the partition fence agreement. The district court did not abuse its discretion in prohibiting Colton from offering evidence at trial that was not previously disclosed during discovery. The court was within its authority to order specific performance in this case, and Colton waived any claim that case should have been heard in equity. Finally, substantial evidence supports the district court's conclusion that Garrett substantially complied with the partition fence agreement. This matter is remanded to the district court to rule on Garrett's request for appellate attorney fees.

**AFFIRMED AND REMANDED.**