CLEM JEFFORDS, appellee, v. FRANK L. STOCKTON et al., appellants; MAE ALBERTA VINING, cross-petition defendant.

No. 50684.

(Reported in 117 N.W.2d 497)

OCTOBER 16, 1962.

Brierly, McCall & Girdner, of Newton, for appellants.

Harold Newcomb, of Des Moines, and Ray Uhl, of Mitchellville, for appellee.

Irish & Haughey, of Altoona, for cross-petition defendant.

PETERSON, J.—On August 12, 1959, defendant on cross-petition, Mae Alberta Vining, gave a written option to defend-

ant Frank L. Stockton to sell him a tract of land approximately 100 feet square in the town of Altoona for $22,000. In the option Mrs. Vining retained ownership of the dwelling located on the tract of land. If the option was exercised, it provided she should remove such dwelling from the land within 45 days thereafter.

Defendant Stockton exercised the option, and on November 18, 1959, Mrs. Vining executed and delivered a warranty deed conveying the tract of land to him.

September 16, 1959, Mrs. Vining sold the dwelling house located on said land to plaintiff, Clem Jeffords, for $400. It was provided in the bill of sale conveying the house that Mr. Jeffords should remove the dwelling house or tear same down and remove material within 90 days from the date of the bill of sale.

I. Shortly after Mr. Jeffords bought the house it was agreed in verbal conversation between him and defendant Frank L. Stockton that Mr. Stockton could use the dwelling on the property during the winter as a storage place for tools and as a warm place to which his workmen could go while the supermarket was being built on the remaining part of the real estate. The dwelling was located on the northwest corner of the tract and did not interfere with the part of the real estate on which the supermarket was being erected.

Mr. Stockton used the dwelling for several months until a sufficient part of the supermarket had been erected so they could use the supermarket building for such storage and shelter.

During March and early April, according to his testimony, Mr. Stockton had two or three conversations with plaintiff in which he told him that he was all through with use of the dwelling and Mr. Jeffords could remove it or tear it down at anytime. Defendant stated plaintiff each time said he would take care of it in a few days.

On April 14, 1960, defendant Stockton told plaintiff that he would have to have immediate removal of the dwelling. Plaintiff asked him if he filed a performance bond could he have until April 27 to remove it and defendant Stockton agreed. Plaintiff attempted to get a bond but was not able to secure it.

II. Immediately after April 14 defendant Stockton, by

his workmen, proceeded to demolish the dwelling house. On April 20 plaintiff filed petition in this case for injunction against defendant and his workmen, who were the codefendants Thurman Mills and Lewis Small, enjoining the tearing down of the dwelling house and removal of the lumber and material from the premises, and in the alternative suing for $10,000 damages, the alleged value of the dwelling house.

Plaintiff secured a temporary injunction and the wrecking or demolishing of the house was temporarily stopped. Shortly after the securing the injunction it was dissolved by mutual agreement of the parties.

Defendants then proceeded with the demolishing of the dwelling house, and the record indicates that in course of time they fully wrecked and demolished the house and removed all lumber and material from the premises.

Defendants filed a motion to bring Mae Alberta Vining into the case as a cross-petition defendant. The motion was sustained and defendant filed cross-petition alleging that if there was any judgment in favor of plaintiff against defendants, such defendants should have judgment over against Mrs. Vining. Answers and replies were filed in due course.

III. November 20, 1961, the case proceeded to trial in the District Court of Polk County and a jury was duly impaneled.

Plaintiff's evidence was offered and he rested. When plaintiff rested defendants filed motion for directed verdict. Mrs. Vining filed a motion to dismiss and also motion for directed verdict. The motions were all overruled by the trial court.

Defendants then offered their evidence.

When the case resumed trial on the third morning plaintiff filed a motion for a leave to dismiss. Defendants filed resistance to the motion. Defendants filed a motion to dismiss the cross-petition.

In a colloquy between the trial court and the attorneys for plaintiff, defendants and defendant on cross-petition it developed that both motions for dismissal were filed on the basis of dismissal without prejudice. The trial court then proceeded to make an order on the record that the motion of plaintiff and

the motion of defendant Stockton as to the cross-petition were both sustained.

In due course defendants appealed to the Supreme Court.

Defendants assigned two errors as basis for reversal. 1. The court erred in not directing a verdict for defendants at the close of plaintiff's evidence. 2. The court erred and abused its discretion in permitting plaintiff to dismiss his action without prejudice after all evidence had been offered, when no reasons were given by the court for such dismissal.

At any rate, discussion of Error No. 1 is moot. It would only have significance if we should reverse as to alleged Error No. 2. Affirming, we have no occasion to consider the action of the trial court as to motion for directed verdict. Bethany Congregational Church v. Morse, 151 Iowa 521, 132 N.W. 14; Hawthorne v. Andrew, 208 Iowa 1364, 227 N.W. 402; Morrison v. Carroll Clinic, 204 Iowa 54, 214 N.W. 705; Joslin v. Continental & Commercial Nat. Bk., 213 Iowa 107, 238 N.W. 715.

IV. Prior to the Report of 1943 as to new rules, a case could be dismissed by plaintiff anytime before final submission to jury or court. Under R.C.P. 215 the trial court's consent is necessary.

The part of the rule pertinent to case at bar is: "A party may, without order of court, dismiss his own petition, counterclaim, cross-petition or petition of intervention, at any time before the trial has begun. Thereafter a party may dismiss his action or his claim therein only by consent of the court which may impose such terms or conditions as it deems proper; * * *. A dismissal under this rule shall be without prejudice, unless otherwise stated; but if made by any party who has previously dismissed an action against the same defendant, in any court of any state or of the United States, including or based on the same cause, such dismissal shall operate as an adjudication against him on the merits, unless otherwise ordered by the court, in the interests of justice."

Counsel did not cite and we are unable to find an exact precedent to the alleged second error assigned by appellant. Part of the author's comment in Volume 2, Cook's Revised Edition, is worthy of our attention: "This Rule substantially

changes the law on voluntary dismissal. It, and the next three Rules, adopt the substance of Federal Rule 41, set forth below. The prior statutes allowed a voluntary dismissal at any time before 'final submission', without prejudice. This Rule shortens the time and makes it expire when the trial has begun. And if there has been a previous dismissal, there is no right to dismiss again, even before trial. After trial begins, the court controls the voluntary dismissal."

Some dictum in Mensing v. Sturgeon, 250 Iowa 918, 925, 97 N.W.2d 145, throws some light on the possible intent of the rule: "Voluntary dismissals within the purview of rule 215 are those made without compulsion or order of court. Rule 215 is primarily intended to give a litigant a right to dismiss without the consent of the court or the opposing party, and to define when he may do this."

Iowa R.C.P. 215 was based somewhat on Federal R.C.P. 41. Appellants' counsel have been extremely diligent in searching for and quoting from Federal cases bearing on rule 41. However, as far as material in the case at bar, we will announce our construction, based on the wording of the Iowa rule.

In view of appellants' claims, the important words in the rule are: "May dismiss his action or his claim therein only by *consent of the court* * * *." (Emphasis ours.) Appellants' counsel urges the trial court must spell out a reason or basis for the dismissal; the claim is the court abused its discretion in granting consent without announcing such reason.

The rule does not require an announcement or detailed ruling by the trial court, either verbal or placed of record. The fact alone of entering dismissal without prejudice is evidence of the exercise of any discretion lodged in the court, and fulfills the requirement of *consent* as required by the rule. The court had a right to impose terms and conditions if it so desired. None was imposed in the case at bar, but this violated no requirement in the rule, and constituted no abuse of the court's discretion.

Appellants contend rule 217 should be invoked. This is a catch-all rule for cases not covered by rule 215 and is not effective in the instant case.

No other action can be taken by the trial court, or this

court, on this first dismissal. If any cases arise later which violate the abuses giving rise to rules 215, 216 and 217, the trial court has the right to exercise its discretion further, as to the question of adjudication of the case on its merits, if dismissed again.

The case is affirmed.—Affirmed.

All JUSTICES concur.