# IN THE SUPREME COURT OF IOWA

No. 08–1766

Filed December 3, 2010

**WILLIAM NEAL LAWSON,**

Appellee,

vs.

**LINDA IRENE KURTZHALS,**

Appellant.

Appeal from the Iowa District Court for Woodbury County, Jeffrey A. Neary, Judge.

The defendant in a tort action appeals from the district court's ruling granting the plaintiff's request for voluntary dismissal without prejudice on the fourth day of a jury trial. Plaintiff cross-appealed. **DISTRICT COURT JUDGMENT AFFIRMED IN PART, REVERSED IN PART, AND CASE REMANDED WITH DIRECTIONS.**

Rosalynd J. Koob and Alan E. Fredregill of Heidman Law Firm, L.L.P., Sioux City, for appellant.

Paul W. Deck of Deck & Deck, L.L.P., Sioux City, for appellee.

**BAKER, Justice**.

The defendant in a tort action appeals from the district court's ruling granting the plaintiff's request for voluntary dismissal without prejudice on the fourth day of a jury trial. We hold that the district court erred in concluding it had no discretion to deny a motion for voluntary dismissal, and find that under the facts of this case, had the court exercised discretion in granting the voluntary dismissal, it would have been an abuse of discretion. Therefore, we reverse the district court's decision granting dismissal. We, however, affirm the district court's ruling on defendant's motion in limine prohibiting the admission of evidence on damages not timely provided and its award of attorney fees.

## I. Background Facts and Proceedings.

On April 19, 2007, the plaintiff, William Lawson, was riding his bicycle in Sioux City, Iowa, when he was struck by a vehicle driven by the defendant, Linda Kurtzhals. Two months later, Lawson filed a petition alleging he suffered bodily injury and property damage as a result of Kurtzhals's negligent and reckless driving. In response, Kurtzhals filed an answer and jury demand. The next day Kurtzhals also served interrogatories on Lawson. Included in these interrogatories were two interrogatories requesting Lawson to detail the losses he incurred and the damages he was seeking. Lawson provided the following responses to the interrogatories. With respect to his losses, he replied, "My clothing was destroyed (pants and underclothes)." To the interrogatory seeking his damages claimed, he replied, "Not as yet determined—will supplement."

The trial was set for July 15, 2008. Lawson was deposed on January 29, 2008. At the deposition, he was again asked about the specific amount of compensation he was seeking from Kurtzhals.

Lawson responded that he had past medical bills, but that he and his attorney had not determined the specific amount of compensation he would seek. On April 9, Kurtzhals's counsel wrote to Lawson's attorney requesting a settlement demand. Two days later, Lawson's attorney inquired as to Kurtzhals's insurance policy limitations. Kurtzhals's attorney responded with that information the same day. Lawson's attorney did not respond. On May 23, Kurtzhals filed an offer to confess judgment for $25,000. Again, Lawson did not respond.

One week before the scheduled trial date, Lawson moved for a continuance. The motion was granted over Kurtzhals's objection, and the trial was rescheduled for September 23, 2008. The court's order continuing the trial did not allow for the extension of any deadlines previously set, including the deadline to designate expert witnesses.

A settlement conference was held on September 17. It was unsuccessful. On that same day, Kurtzhals filed a motion in limine requesting that the court prohibit Lawson from presenting any evidence of damages not previously set forth in his interrogatory responses. On September 18, Lawson provided supplemental answers to the interrogatories.

Kurtzhals's motion in limine was presented to the court on the day before trial. At that time, the court denied Kurtzhals's motion; however, the court preserved the issue for reconsideration later in the proceedings. That afternoon, Kurtzhals filed a second brief in support of the motion in limine. The court addressed Kurtzhals's supplemental arguments in support of her motion in limine the following morning, the day the trial was scheduled to begin. After hearing arguments from both parties, the court reversed its denial from the previous day, ruling that Lawson was only allowed to present damages with regard to past medical expenses;

all other damage evidence was precluded. At that time, Lawson's counsel raised the possibility of requesting a dismissal without prejudice or an interlocutory appeal, but counsel made no formal motions.

The trial went on for three days before Lawson rested his case-in-chief. At the close of Lawson's case, Kurtzhals moved for a directed verdict. The court took Kurtzhals's motion under advisement. The following morning, Lawson moved for a voluntary dismissal without prejudice under Iowa Rule of Civil Procedure 1.943 (2007). Kurtzhals resisted the motion, arguing it would severely prejudice her case. The court concluded pursuant to case law a plaintiff has an absolute right to dismiss the case without prejudice. The court granted the dismissal without prejudice and taxed the costs to Lawson.[1]

Lawson then immediately filed a new petition against Kurtzhals that was essentially identical to the claim dismissed earlier that day. Kurtzhals filed a motion for sanctions against Lawson for his late dismissal pursuant to rule 1.413. The court found Lawson's counsel violated the spirit and substance of rule 1.413 and imposed sanctions for attorney fees on counsel. The court did not assess any sanctions against Lawson.

Kurtzhals filed a notice of appeal. Lawson cross-appealed. The new action instituted by Lawson is still pending.

## II. Discussion and Analysis.

The parties have raised two issues for our review: (1) Did the district court err in ruling Lawson had a right to voluntarily dismiss his tort action without prejudice on the last day of a jury trial, and (2) did

---

[1]At this time, the court also denied Kurtzhals's motion for a directed verdict.

the court abuse its discretion in limiting Lawson's damages because of his untimely disclosure?

**A. Voluntary Dismissal Without Prejudice.** Kurtzhals claims the district court erred in concluding a plaintiff has an absolute right to dismiss his cause of action without prejudice.[2] The trial judge granted Lawson's motion for voluntary dismissal pursuant to Iowa Rule of Civil Procedure 1.943. The rule provides:

> A party may, without order of court, dismiss that party's own petition, counter-claim, cross-claim, cross-petition or petition of intervention, at any time up until ten days before the trial is scheduled to begin. Thereafter a party may dismiss an action or that party's claim therein only by consent of the court which may impose such terms or conditions as it deems proper; and it shall require the consent of any other party asserting a counterclaim against the movant, unless that will still remain for an independent adjudication.

Iowa R. Civ. P. 1.943.

---

[2]Neither party has addressed whether we have jurisdiction to hear their claims. We have previously held that a voluntary dismissal under rule 1.943 is final and terminates the court's jurisdiction of the action. *Smith v. Lally*, 379 N.W.2d 914, 916 (Iowa 1986); *Witt Mech. Contractors, Inc. v. United Bhd. of Carpenters*, 237 N.W.2d 450, 451 (Iowa 1976). After voluntary dismissal, the case is considered "nonexistent" and the matter usually deemed "unreviewable." *See Montgomery Ward Dev. Corp. v. Bd. of Review*, 488 N.W.2d 436, 443 (Iowa 1992), *overruled on other grounds by Transform, Ltd. v. Assessor of Polk County*, 543 N.W.2d 614, 617 (Iowa 1996). Where, however, the voluntary dismissal is not as favorable as the judgment the defendant sought, the matter is appealable. *H.R. Techs., Inc. v. Astechnologies, Inc.*, 275 F.3d 1378, 1381 (Fed. Cir. 2002); *LaBuhn v. Bulkmatic Transp. Co.*, 865 F.2d 119, 122 (7th Cir. 1988) (holding that a party may appeal from the parts of a generally favorable judgment that are unfavorable); *see also Darrah v. Des Moines Gen. Hosp.*, 436 N.W.2d 53, 54–55 (Iowa 1989) (holding that the voluntary dismissal of an action does not deprive the court of jurisdiction to hear motions for sanctions after the dismissal).

In this case, Kurtzhals strenuously objected to the grant of the dismissal in the middle of trial, citing cost, delay, and the expectation that plaintiff was looking at an adverse result or at least a diminished result because of the ruling on the motion in limine. Lawson, on the other hand, offered no explanation for the dismissal. We find that the dismissal was not favorable to the defendant, especially where the statute of limitations had not run and an identical suit was filed almost simultaneously. Thus, we determine that we have jurisdiction to entertain this appeal.

It is clear from the plain language of rule 1.943 that the court lacks the discretion to deny a party's motion to voluntarily dismiss "at any time up until ten days before the trial is scheduled to begin." *Id.* The phrase "without order of court" indicates that this may be done at the will of the party; thus, the court retains no discretion to prevent such dismissal. *See, e.g., Venard v. Winter*, 524 N.W.2d 163, 167 (Iowa 1994).

The meaning of the second sentence of rule 1.943 is less clear. This sentence, which applies when the trial is scheduled to begin in ten days or less, states that "a party may dismiss an action . . . *only by consent of the court which may impose such terms or conditions as it deems proper.*" Iowa R. Civ. P. 1.943 (emphasis added). A review of the legislative history surrounding voluntary dismissals reveals that, prior to the enactment of the Iowa Rules of Civil Procedure in 1943, plaintiffs had the absolute right to dismiss lawsuits at any time up to the moment before "final submission to [the] jury or court." *Jeffords v. Stockton*, 254 Iowa 273, 276, 117 N.W.2d 497, 499 (1962). In 1943, Iowa Rule of Civil Procedure 215, now renumbered as rule 1.943, was enacted. The language of the rule provided:

> A party may, without order of court, dismiss his own petition . . . at any time before trial has begun. Thereafter a party may dismiss his action or his claim therein only by consent of the court which may impose such terms or conditions as it deems proper . . . .

Iowa R. Civ. P. 215 (1.943). The official comment to rule 215 provides:

> This rule substantially changed the law on voluntary dismissal. It . . . adopted the substance of Federal Rule 41. The prior statutes allowed a voluntary dismissal at any time before "final submission", without prejudice. This rule shortens the time and makes it expire when the trial has begun.

*Id.* r. 215 official cmt.  The advisory committee declared "[t]he rule [was] designed to prevent indiscriminate dismissals of actions by the parties litigant." *Id.*

The rule for voluntary dismissal was amended in 1990.  The drafters substituted "at any time before trial has begun" with "at any time up until ten days before the trial is scheduled to begin."  Iowa R. Civ. P. 215 (1990).  When enacting this amendment, however, the drafters backed away from some of the substantive provisions contained in the Federal Rules of Civil Procedure.

> The committee declined to recommend adoption of Federal Rule of Civil Procedure 41(a)(1) and (2).  The committee concluded the federal rule was too harsh for plaintiffs when there might be good reasons for dismissing cases.  The committee recommended allowing the plaintiff to voluntarily dismiss an action at any time up until ten days before the trial is scheduled to begin.  Thereafter the plaintiff would have to have the approval of the court and the dismissal could be on such terms and conditions as the court might impose, such as the payment of costs and/or attorney fees which might be occasioned by a late dismissal.

*Id.* r. 215 official cmt.

The provisions specifically disclaimed by the drafters only allow voluntary dismissal before the opposing party serves either an answer or a motion for summary judgment, or when a stipulation of dismissal is signed by all the parties who have appeared before the court.  *Id.*; Fed. R. Civ. P. 41(a)(1), (2).  The drafters wished to make the requirements for voluntary dismissal in Iowa more lenient.  They did not, however, intend to take away the trial court's discretion to deny voluntary dismissal motions.  The official comment to this amendment provides:

> A number of instances in which cases were dismissed by the plaintiff at the last minute before trial or when the plaintiff could not obtain a continuance of the trial were brought to the committee's attention.  Some of them involved instances where cases were dismissed as a jury was sitting

> waiting to begin selection. The committee was concerned about the fairness of permitting a voluntary dismissal at that late juncture.

Iowa R. Civ. P. 215 official cmt. By providing that a party must obtain consent from the court to dismiss, the rule necessarily implies that the court has discretion in deciding whether to grant the motion. *See, e.g., Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc.*, 583 F.3d 948, 953 (6th Cir. 2009) ("A district court's decisions with respect to a motion for voluntary dismissal under Rule 41(a)(2) are reviewed for abuse of discretion."). We therefore hold that anytime after ten days before the trial is scheduled to begin the ability to seek a voluntary dismissal without prejudice is not absolute. It is within the discretion of the trial court.[3] Thus, we review the grant or denial of the motion for voluntary dismissal for an abuse of discretion.

**B. Abuse of Discretion.** Relying on case law that predated the 1990 amendment to rule 1.943, the trial court determined that it had no discretion to deny the plaintiff's motion for voluntary dismissal and was compelled to grant the dismissal. "A court abuses its discretion when it fails to exercise any discretion." *State v. Hager*, 630 N.W.2d 828, 836 (Iowa 2001). Therefore, the district court abused its discretion when it granted the voluntary dismissal.

---

[3]In exercising its discretion on motions for voluntary dismissal, federal courts consider the expense and inconvenience to the defendant, legal prejudice suffered by the defendant, and whether terms and conditions imposed by the court can make the defendant reasonably whole. *See Miller v. Trans World Airlines, Inc.*, 103 F.R.D. 20, 21 (E.D. Pa. 1984); *Conafay v. Wyeth Labs.*, 793 F.2d 350, 353 (D.C. Cir. 1986) ("In federal practice, voluntary dismissals sought in good faith are ordinarily granted if the only harm suffered by the defendant is the expense of preparing a responsive pleading, since 'he can be made whole if dismissal is conditioned upon reimbursement by the plaintiff.'" (quoting Note, *Exercise of Discretion in Permitting Dismissals Without Prejudice Under Federal Rule 41(a)*, 54 Colum. L. Rev. 616, 618 (1954)). The court appears to have correctly taken these factors into consideration as it awarded Kurtzhals's attorney fees for trial.

Even if the court had exercised its discretion when granting the plaintiff's motion for voluntary dismissal, such action would have been an abuse of discretion. In this instance, the jury was already empanelled and had been hearing testimony for three full days. We believe this is exactly the situation for which the drafters intended the trial court to use its discretion and deny the motion.

**C. Remedy.** A problem, however, exists because the case is gone; the case and the jury have both been dismissed. We cannot undo what has already occurred. The trial cannot resume where it left off. We must therefore fashion a remedy that would be consistent with the spirit and intent of the rule.

We determined that granting the voluntary dismissal under the circumstances of this case would have been an abuse of discretion. The district court even commented that it found the defendant's resistance to the dismissal "compelling" and that it would be "inclined to consider [defendant's] argument favorably." At a minimum, the court could have allowed the dismissal, but only under the condition that, if refiled, the case would be subject to the same conditions as the previous case. *See, e.g., Parker v. Freightliner Corp.*, 940 F.2d 1019, 1023–24 (7th Cir. 1991) (approving the condition in the trial court's order that any refiled action be subject to a prior order prohibiting the use of expert testimony as a sanction for his willful disregard of discovery orders). We therefore remand this case to the district court with directions that an order be issued reinstating the case and a trial be scheduled and conducted under the prior orders and sanctions, including the ruling on defendant's motion in limine prohibiting the admission of evidence on damages not timely provided. We further direct that this case be tried prior to the refiled case.

### III.  Cross-Appeal.

Lawson cross-appeals alleging that the district court erred in granting Kurtzhals's motion in limine seeking sanctions for Lawson's failure to supplement interrogatories regarding his damages claimed.  In granting the motion, the district court limited Lawson from presenting any evidence of damages not previously set forth in his interrogatory responses.  The trial court granted Kurtzhals's motion as a sanction for Lawson's failure to supplement interrogatory answers until just days before trial.

"The district court has inherent power . . . to maintain and regulate cases proceeding to final disposition within its jurisdiction . . . ." *Hearity v. Iowa Dist. Ct.*, 440 N.W.2d 860, 863 (Iowa 1989).  We recently reaffirmed that trial courts have this inherent power.  *Keefe v. Bernard*, 774 N.W.2d 663, 669 (Iowa 2009) (citing *White v. Citizens Nat'l Bank of Boone*, 262 N.W.2d 812, 816 (Iowa 1978)); *see also Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S. Ct. 2778, 2781, 49 L. Ed. 2d 747, 751 (1976); *Merrick v. Paul Revere Life Ins. Co.*, 500 F.3d 1007, 1014 (9th Cir. 2007) (stating that courts "have 'inherent power' to exclude evidence as a sanction for [discovery] abuses").  This power includes the authority to exclude evidence for failure to supplement discovery.  *See Preferred Mktg. Assocs. Co. v. Hawkeye Nat'l Life Ins. Co.*, 452 N.W.2d 389, 393 (Iowa 1990).  Noncompliance with discovery requirements is often not tolerated.  *See, e.g., Sullivan v. Chi. & Nw. Transp. Co.*, 326 N.W.2d 320, 324 (Iowa 1982) (upholding the exclusion of an expert witness as sanction for discovery rule violation).  We will not reverse the imposition of a sanction unless there has been an abuse of discretion.  *Preferred Mktg. Assocs. Co.*, 452 N.W.2d at 393.  An abuse of discretion consists of a ruling which rests upon clearly untenable or

unreasonable grounds. *In re Gianforte*, 773 N.W.2d 540, 544 (Iowa 2009).

As noted previously, Kurtzhals attempted to determine the amount of damages claimed through both interrogatories and in a deposition of Lawson. Both attempts were unsuccessful. Lawson also failed to respond to a settlement demand. The discovery deadline passed with no supplementation of Lawson's prior answers. It was not until just days prior to trial and after receiving a motion in limine that Lawson finally provided the amount of damages claimed.

Confronted with this late supplementation, the court had a range of choices beyond the one ordered. It could have allowed the supplementation and the claim to be made for those damages at trial. *United States v. $9,041,598.68*, 163 F.3d 238, 252 (5th Cir. 1998) (noting that a trial court can admit evidence that is disclosed in an untimely fashion if the court deems the evidence harmless). It could have offered the defendant the option of a continuance of the trial. *U.S. Fid. & Guar. Co. v. Baker Material Handling Corp.*, 62 F.3d 24, 28–29 (1st Cir. 1995). Dismissal of the claim may also be available in some circumstances. *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) (noting that dismissal is a "sanction of last resort" and available "only in extreme circumstances").

In determining whether the court has abused its discretion, we must determine whether the trial court appropriately considered the options available. " 'In determining whether . . . a sanction is appropriate, the trial court should consider several factors, including: (1) the party's reasons for not providing the challenged evidence during discovery; (2) the importance of the evidence; (3) the time needed for the other side to prepare to meet the evidence; and (4) the propriety of

granting a continuance.' " 27 C.J.S. Discovery § 102, at 169 (2009) (quoting *Mercer v. Vanderbilt Univ., Inc.*, 134 S.W.3d 121, 133 (Tenn. 2004)). We believe that these factors provide an appropriate framework for determining whether the trial court abused its discretion in prohibiting Lawson from presenting any evidence of damages not previously provided in his interrogatory responses. In reviewing these factors, we find that the district court did not abuse its discretion in limiting Lawson's claim to only those damages previously disclosed.

Lawson argues his reason for failing to provide a supplemented answer is that it was Kurtzhals's duty to demand supplementation prior to the imposition of sanctions. Although there may have been no formal request for supplementation, Lawson's argument fails for three reasons. First, Kurtzhals did not simply serve the interrogatories and wait in the weeds. Kurtzhals sought to determine the information both by deposition and in a request for a settlement demand. Second, Iowa Rule of Civil Procedure 1.503(4)(a)(3) requires a party "to supplement the response with respect to any question directly addressed [in] any . . . matter that bears materially upon a claim or defense asserted by any party to the action." *See also White*, 262 N.W.2d at 816 (stating the purpose of the rule is to clarify the issues before trial, avoid surprise, and allow the litigants to prepare). Iowa Rule of Civil Procedure 1.503(4)(a)(3) does not impose a duty to request supplementation—the duty is upon the party answering the discovery request. Third, Lawson is also required to adhere to a pretrial or scheduling order. Iowa R. Civ. P. 1.602(5) ("If a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, or if a party or party's attorney is substantially unprepared to participate in the conference, or if a party or

party's attorney fails to participate in good faith, the court, upon motion or the court's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in rule 1.517(2)(b)(2)–(4)."). Pursuant to the Civil Trial Setting Conference Memorandum, discovery was to be completed by June 13, 2008. In the order continuing the trial in July, the deadlines were specifically not extended. Therefore, under the facts of this case, we find Lawson's excuse to be unavailing.

The importance of the information sought is not disputed. "A party defending a claim is clearly entitled upon appropriate pretrial request to be informed of the amount of the claim." *Gordon v. Noel*, 356 N.W.2d 559, 564 (Iowa 1984). This includes discovery of amounts claimed for separate elements of damages. *Id.*

The timing of the attempted response is also a factor. The supplementation did not occur until the eleventh hour, just days before trial. Finally, although the court could have considered a continuance, it is significant that a prior continuance had been granted just months earlier.

Although other options may have been within its discretion, the court's order limiting Lawson from presenting any evidence of damages not previously set forth in his interrogatory responses was not an abuse of discretion. The supplementation came days before trial and after one continuance. Kurtzhals was ready for trial and should not be expected to do further discovery because of the late supplementation or endure another continuance at that late date. We, therefore, affirm the district court on the cross-appeal.[4]

---

[4]Lawson makes a reference to the sanctions imposed on Lawson's counsel in the conclusion of his brief asserting that the trial court did not have jurisdiction to impose sanctions after the case had been dismissed. We have inherent power to determine

**IV. Disposition.**

We hold that the district court erred in concluding it had no discretion to deny a motion for voluntary dismissal because a plaintiff has an absolute right to dismiss a case without prejudice. We further find that under the facts of this case, had the district court exercised its discretion in granting the voluntary dismissal, it would have been an abuse of discretion. We therefore remand this case to the district court with directions to reinstate the case and conduct a new trial subject to the court's prior ruling limiting Lawson's evidence of damages. We further order that this case be tried prior to the refiled case. Finally, we affirm the district court's ruling on defendant's motion in limine prohibiting the admission of evidence on damages not timely provided and its award of attorney fees.

**DISTRICT COURT JUDGMENT AFFIRMED IN PART, REVERSED IN PART, AND CASE REMANDED WITH DIRECTIONS.**

---

whether we have jurisdiction over the subject matter of the case before us. *Tigges v. City of Ames,* 356 N.W.2d 503, 512 (Iowa 1984). We have previously held that a court retains jurisdiction to impose sanctions even after a voluntary dismissal. *Darrah,* 436 N.W.2d at 54–55.