# IN THE COURT OF APPEALS OF IOWA

No. 14-2166
Filed January 27, 2016

**T.D. II, Individually, and**
**IQUITTIA BROWN, Individually,**
  Plaintiffs-Appellants,

**vs.**

**DES MOINES INDEPENDENT**
**COMMUNITY SCHOOL DISTRICT and**
**JEFFREY J. JANSEN,**
  Defendants-Appellees.
_____

Appeal from the Iowa District Court for Polk County, Richard G. Blane II,
Judge.

A student appeals the district court's ruling excluding evidence of his
noneconomic damages as a discovery sanction and refusing to grant a new trial.
**AFFIRMED.**

Wesley Todd Ball of Farrar & Ball, LLP, Houston, Texas, and Nicholas G.
Pothitakis of Pothitakis Law Firm, P.C., Burlington, for appellants.

Jason C. Palmer and Catherine M. Lucas of Bradshaw, Fowler, Proctor &
Fairgrave, P.C., Des Moines, for appellees.

Considered by Danilson, C.J., and Mullins and McDonald, JJ.  Blane, S.J.,
takes no part.

**MULLINS, Judge.**

T.D. appeals following a jury verdict in his personal injury action against Jeffrey Jansen and the Des Moines Independent School District. He asserts the district court abused its discretion in preventing him from introducing evidence of his noneconomic damages as a sanction for failing to disclose these damage amounts during discovery. He also claims the court should have granted him a new trial when the jury failed to award him damages for his loss of earning capacity. Finally, he claims he is entitled to a new trial because the record does not contain substantial evidence of his comparative fault. We affirm the decision of the district court.

## I. Background Facts and Proceedings.

T.D. was a student at Hoover High School in Des Moines, Iowa, and was enrolled in an introductory woodworking class during the 2010–2011 school year. On January 11, 2011, while T.D. was operating a table saw to make a jewelry box, a piece of wood kicked back from the saw's blade and struck T.D.'s abdomen. As T.D. leaned forward, his left hand came into contact with the exposed saw blade. The blade wholly severed two fingers and severely injured two other fingers. Prior to the injury, Jeffrey Jansen, the teacher of the woodworking class, had removed the saw's hand-safety guard, which enabled the blade to contact T.D.'s hand.

After the incident, T.D.'s mother, on behalf of T.D., brought a suit against the Des Moines Independent Community School District and Jansen (collectively,

the school), claiming that T.D.'s injury was caused by the school's negligence.[1]

During the discovery process, the school requested T.D. to identify and describe in detail each and every element of damages he claimed to have sustained as a result of the injury:

> Pursuant to *Gordon v. Noel,* 356 N.W.2d 559 (Iowa 1984), identify and describe in detail each and every element of damages Plaintiff claims to have sustained as a result of the Defendant's alleged wrongful conduct or acts complained of in this litigation, including the following for each and every element of damages:
> (a) State the amount thereof;
> (b) Describe in detail the methods and calculations used in support of such claims for damages including a description of categories or items of damages allegedly sustained;
> (c) Set forth the names, current addresses, telephone numbers, occupations, and names and address of present places of employment of each and every witness whom you believe to possess knowledge of facts, occurrence and circumstances which support your contentions as to the damages allegedly sustained; and
> (d) Identify and describe by name, title, label, date and other information necessary to provide a reasonable identification, each and every document which supports your contentions as to the damages allegedly sustained.

Counsel for T.D. objected to the discovery request, asserting:

> To the extent that the Defendant is inquiring as to the dollar amount for each individual element of general damages Plaintiff has incurred, this is not discoverable information under the Texas Rules of Civil Procedure,[2] and is peculiarly, solely within the sound discretion of the jury.

---

[1] T.D. was fifteen when he was injured. Thus, his mother brought the action on his behalf. However, T.D. has since reached the age of majority, and prior to the case going to trial, he was substituted as a plaintiff in this case.

[2] T.D.'s counsel is an attorney from Texas, who was admitted to practice in Iowa during the pendency of the case. T.D.'s counsel explained to the court that the reference to the Texas Rules of Civil Procedure was simply a scrivener's error.

> Subject to the foregoing, Plaintiff refers Defendants to Plaintiff's medical and billing previously provided for dates of treatment, treatment given, and charge rendered.

Defense counsel asked for this answer to be supplemented prior to taking depositions. In response, counsel for T.D. stated:

> Plaintiffs intend to request the jury provide an amount of money that will fairly and reasonably compensate T.D. for the mental anguish, physical pain and suffering, physical disfigurement, past and future medical damages, and future lost wages. Defendant has in its possession all medical billing. Also in Defendant's possession are the expert reports of Lewis Vierling and Jerome Sherman, which detail the economic losses T.D. has and will sustain in the future. The amount of noneconomic damages lies within the province of the jury's sole discretion.

Prior to trial, the school filed a motion in limine seeking to exclude all evidence of T.D.'s damages except that which had been disclosed during discovery. The district court reserved its ruling until trial, at which time the district court granted the school's motion and ruled that T.D. was prohibited from introducing evidence of any damages not previously disclosed during discovery.

After a four-day trial, the jury returned a verdict in favor of T.D., awarding damages for past medical expenses in the amount of $28,578.91 and $31,421.09 for future medical expenses, but it awarded no damages for loss of earning capacity. The jury also found T.D. was 45% at fault for his injury. T.D. filed a motion for a new trial, which was denied. The trial court affirmed the jury's verdict and entered a final judgment. This appeal follows.

## II. Scope and Standard of Review.

We review for abuse of discretion the district court's imposition of a sanction for failure to comply with discovery. *Whitley v. C.R. Pharmacy Serv.,*

*Inc.*, 816 N.W.2d 378, 385 (Iowa 2012). An abuse of discretion occurs when the ruling "rests upon clearly untenable or unreasonable grounds." *Lawson v. Kurtzhals*, 792 N.W.2d 251, 258 (Iowa 2010).

Our review of the district court's denial of a motion for a new trial varies based on the grounds raised in the motion. *Fry v. Blauvelt*, 818 N.W.2d 123, 128 (Iowa 2012). "To the extent the motion is based on a discretionary ground, we review it for an abuse of discretion. But if the motion is based on a legal question, our review is on error." *Pavone v. Kirke*, 801 N.W.2d 477, 496 (Iowa 2011) (quoting *Channon v. United Parcel Serv., Inc.*, 629 N.W.2d 835, 859 (Iowa 2001)). "Ultimately, we are reluctant to interfere with a jury verdict or the district court's consideration of a motion for new trial made in response to the verdict." *Fry*, 818 N.W.2d at 128.

## III. Discovery Sanction.

For his first claim on appeal, T.D. asserts the district court abused its discretion in preventing him from submitting proof of his pain and suffering and disfigurement damages to the jury as a sanction for failing to properly answer the discovery request regarding the damages claimed. He claims the trial court should have ruled on the motion in limine before trial when a trial continuance was still an optional sanction, instead of deferring ruling on the motion until the trial was well underway and a continuance could not be granted without severe prejudice.

A court has a range of choices when faced with a party's failure to respond to requested discovery, and in determining whether the court abused its

discretion, we must determine whether the court considered the options available. *Lawson*, 792 N.W.2d at 258–59. "[T]he trial court should consider several factors, including: (1) the party's reasons for not providing the challenged evidence during discovery; (2) the importance of the evidence; (3) the time needed for the other side to prepare to meet the evidence; and (4) the propriety of granting a continuance." *Id.* at 259.

In this case, the district court specifically considered each of the *Lawson* factors when faced with an objection from the school's counsel to a question posed to T.D. regarding his noneconomic damages. The court was informed of T.D.'s counsel's responses to the school's discovery request. The court noted the discovery objection made by T.D.'s counsel was in direct contradiction to Iowa law and the Iowa rules of procedure. The court found there was no good faith basis for the discovery objection made by T.D.'s counsel. *See Gordon*, 356 N.W.2d at 564 ("It is no answer to say that damages for pain and suffering cannot be proved with mathematical certainty. The person who makes the claim can be required to say what the claim is."); *see also* Iowa R. Civ. P. 1.509(2) (noting the scope of discovery includes "a statement of the specific dollar amount of money damages claimed, the amounts claimed for separate items of damage, and the names and addresses of witnesses the party expects to call to testify at trial"). The district court next concluded the evidence at issue, T.D.'s claim for noneconomic damages, was important to the case and the school should have been afforded an opportunity to discover this information before trial. *See*

*Lawson*, 792 N.W.2d at 259–60 (noting the importance of damage information was not disputed).

With respect to the timing, the court noted the case was now in the middle of trial. T.D.'s counsel asserted the requested information had been provided before trial in the trial brief. However, the court noted the trial brief was not signed by a party as required by the discovery rules and was not under oath and, thus, was not a proper discovery answer. Finally, the court concluded a continuance was not proper in light of the fact the jury had been chosen, sworn, and evidence already presented.

T.D.'s counsel asserted counsel for the school should have requested supplementation of the discovery answer before trial instead of "waiting in the weeds" to exclude the evidence at trial. As the district court noted, the duty to supplement discovery rests with the answering party, not with the requesting party. *See id.* at 259 ("Iowa Rule of Civil Procedure 1.503(4)(a)(3) does not impose a duty to request supplementation—the duty is upon the party answering the discovery request."). In addition, the school's counsel did request supplementation of the original answer in a letter sent to T.D.'s counsel before depositions. In response, T.D.'s counsel stated he was seeking money to compensate him for both economic and noneconomic damages, but then stated "[t]he amount of noneconomic damages lies within the province of the jury's sole discretion." This response had no basis in Iowa law, and while the settlement demand letter may have put a figure on the noneconomic damages, it clearly did not comply with the discovery rules. In addition, the district court was well within

its rights to reserve ruling on the motion in limine until such time as an actual objection to evidence is made during trial. Among the remedies available, we find no abuse of discretion in the district court's decision to exclude the damages that were not previously disclosed during discovery.

## IV. New Trial—Damages.

Next, T.D. claims the court should have granted him a new trial because the jury's finding of zero value for his loss of earning capacity was an inadequate verdict and contrary to the great weight of the evidence. He asserts a reasonable juror should have concluded that he suffered some manner of lost future earning capacity in light of the fact he lost the effective use of one hand. Because this deficiency cannot be corrected by additur, T.D. claims he must be granted a new trial.

When a party claims entitlement to a new trial based on the inadequacy of the damages awarded by the jury, the district court has considerable discretion in ruling on the motion. *Fisher v. Davis*, 601 N.W.2d 54, 57 (Iowa 1999).

> [W]e will not ordinarily disturb its discretion to grant or deny the motion unless an abuse of discretion is shown. We are slower to interfere with the grant of a new trial than with its denial. Whether damages in a given case are adequate depends on the particular facts of the case. The test is whether the verdict fairly and reasonably compensates the party for the injury sustained.

*Id.* (citations omitted). It is only when "uncontroverted facts show the amount of the verdict bears no reasonable relationship to the loss suffered," that the verdict will be considered inadequate. *Pexa v. Auto Owners Ins. Co.*, 686 N.W.2d 150, 162 (Iowa 2004). Whether a verdict is inadequate is for the trial court to decide,

and we will not interfere with that decision unless an abuse of discretion is shown. *Fisher*, 601 N.W.2d at 57.

In this case, T.D. offered the testimony of Lewis Vierling, a vocational rehabilitation counselor, to support his claim of lost earning capacity. Mr. Vierling testified based on his evaluation that T.D. would lose income of $10,000 to $12,000 per year over his expected work life of forty to fifty years, which amounts to between $500,000 to $600,000. However, on cross-examination Mr. Vierling admitted there were probably jobs available to T.D. that would earn the same annual wage as if he had not been injured. Even though the school did not submit a competing expert, the jury was not bound to accept Mr. Vierling's testimony. *See Crow v. Simpson*, 871 N.W.2d 98, 105 (Iowa 2015) ("[T]he jury is free to accept or reject any testimony, including uncontroverted expert testimony."). Because there is a reasonable relationship between the verdict and the evidence, we conclude the court did not abuse its discretion in denying T.D.'s motion for a new trial on this ground.

**V. New Trial—Comparative Fault.**

Finally, T.D. asserts he is entitled to a new trial because there was not substantial evidence in the record that he was in any way at fault for his injury. On appeal, T.D. contends Iowa law holds "a child age fourteen or younger is presumed to be incapable of contributory negligence."[3] Because he was just

---

[3] We note our state has abolished the doctrine of contributory negligence, along with most other jurisdictions. *See Goetzman v. Wichern*, 327 N.W.2d 742, 754 (Iowa 1982) ("We hold that in all cases in which contributory negligence has previously been a complete defense, it is supplanted by the doctrine of comparative negligence."), *superseded by statute*, Iowa Code ch. 668, *as recognized in Reilly v. Anderson*, 727 N.W.2d 102, 108 (Iowa 2006).

fifteen at the time of the accident, T.D. claims he had the "lowest standard of negligence contemplated by Iowa law." T.D. also claims the only evidence of his negligence was his testimony on cross-examination when he was asked about information contained in the woodworking class text book and about a true/false quiz he took months before the accident. When compared to the negligence of the school in removing the saw's hand-safety guard, T.D. asserts no reasonable juror could have concluded he was to blame for the accident.

The school asserts T.D. did not preserve error on this claim because he did not raise the sufficiency of the evidence of comparative fault to the district court before the case was submitted to the jury. To the contrary, the school claims T.D.'s counsel conceded there was sufficient evidence for the jury to consider the issue.

During the argument involving T.D.'s motion for directed verdict made after the close of all the evidence, T.D.'s counsel admitted the court could not direct verdict on T.D.'s comparative negligence: "I agree. The Court cannot grant a directed verdict on [T.D.]'s comparative negligence because there is a fact issue as to that. I think it's about the most thinly veiled fact issue you can imagine. However, I do agree that there is a fact issue on [T.D.]'s comparative negligence." It was not until T.D.'s motion for a new trial that counsel asserted the school "failed to offer substantial evidence of Plaintiff's fault."

In ruling on the new trial motion, the district court noted T.D.'s current argument was "inconsistent with his position at trial." The court concluded the plaintiff "cannot concede the point at trial and then argue it as a basis for a new

trial in a posttrial motion." T.D. did not raise the issue of the sufficiency of the evidence supporting the affirmative defense of comparative fault before the case was submitted to the jury, nor did he object that the evidence was insufficient to justify an instruction for the jury to consider the issue of T.D.'s comparative fault. *See Boham v. City of Sioux City*, 527 N.W.2d 431, 438 (Iowa 1997) ("When the objection is to the sufficiency of the evidence supporting an instruction, the complaining party must specify that portion of the instruction lacking evidentiary support and the particular factual deficiency."). We conclude T.D. failed to preserve error on his challenge to the sufficiency of the evidence to support the jury's verdict finding him 45% at fault. *See Jacobson v. Benson Motors, Inc.*, 216 N.W.2d 396, 405 (Iowa 1974) (concluding a challenge to sufficiency of the evidence to support a finding of contributory negligence "came too late for consideration on this appeal" where the issue was raised for the first time in a motion for a new trial).

Even if we were to conclude error was preserved, we find no abuse of discretion in the district court's denial of T.D.'s motion for a new trial on this ground as there was substantial evidence from which the jury could have concluded T.D. was partially at fault for the injury in selecting a piece of wood with a knot knowing that knots cause kickbacks, in using a miter gauge when he was "ripping" a piece of wood, and in failing to follow safety procedures. The degree of that fault was properly left for the jury's determination. *See* Iowa Code § 668.3(2) (2011) (noting the court is to instruct the jury to answer special interrogatories indicating the percentage of total fault allocated to each party);

*Schwennen v. Abell*, 471 N.W.2d 880, 887 (Iowa 1991) ("Normally in a comparative fault case a jury, in a special verdict form, allocates fault and then determines damages without regard to fault."). We affirm the jury's decision in its entirety.

**AFFIRMED.**