# IN THE COURT OF APPEALS OF IOWA

No. 18-0653
Filed March 6, 2019

**KENT WELSH,**
    Plaintiff-Appellant,

**vs.**

**LITHIA VAUDM, INC. d/b/a LITHIA VOLKSWAGEN OF DES MOINES and ANTHONY M. GLADNEY,**
    Defendants-Appellees.
_____

Appeal from the Iowa District Court for Polk County, David May, Judge.


Kent Welsh appeals from an adverse jury verdict in his civil suit against the defendants. **AFFIRMED.**



Michael S. Jones and Jordan R. Hutchinson of Patterson Law Firm, L.L.P., Des Moines, for appellant.

Jeffrey D. Ewoldt and Eric M. Updegraff of Hopkins & Huebner, P.C., Des Moines, for appellees.


Heard by Vogel, C.J., Vaitheswaran, J., and Danilson, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**VAITHESWARAN, Judge.**

Kent Welsh sued Lithia Vaudm Inc. (Lithia) for fraud, breach of express warranty, conversion, and violation of the Motor Vehicle Services Trade Practices Act in connection with the repair of his 2008 Volkswagen Touareg. Welsh also sued Lithia's general manager, Anthony M. Gladney, for conversion. A jury found for the defendants.

On appeal, Welsh argues the district court abused its discretion in (1) disallowing a telephone deposition; (2) excluding evidence of Lithia's rating with the Better Business Bureau; and (3) excluding evidence of reviews and complaints filed with the Better Business Bureau.

## I. Deposition

Welsh sought to depose a former Iowa resident who posted a complaint about Lithia on the internet before moving to Texas. Welsh scheduled a telephone deposition of the complainant, which was to take place less than a month before trial. Under a trial-scheduling and discovery plan executed by the parties and filed with the district court, "[a]ll depositions" were to be "completed no later than 60 days before trial."

Lithia moved for a protective order on several grounds, including expiration of the scheduling deadline. Following a hearing, the district court granted the motion. The court reasoned that the deponent was "known about for some time by the Plaintiff" and, although Welsh characterized the proposed testimony as an evidentiary deposition, it sounded like "a discovery deposition, in part, even if the plan" was "to use it for trial."

We discern no abuse of discretion in the court's ruling. *See Lawson v. Kurtzhals*, 792 N.W.2d 251, 258 (Iowa 2010) (setting forth standard of review). The parties agreed to the deposition deadline. *See Fry v. Blauvelt*, 818 N.W.2d 123, 129–30 (Iowa 2012) ("Time limits thus promote efficiency and reduce the amount of resources required to be invested in the litigation. . . . The cooperation of parties during pretrial stages of litigation is essential."). By his own admission, Welsh was able to "promptly" track down the individual but delayed doing so until after he learned Lithia did not preserve information about complaints. Welsh did not explain why he waited until after the self-imposed discovery deadline to take this critical step. *See Lawson*, 792 N.W.2d at 259 (noting that excuse for failing to complete discovery within a deadline set forth in a trial setting conference memorandum was "unavailing"); *cf.* Iowa R. Civ. P. 1.602(5) ("If a party or party's attorney fails to obey a scheduling or pretrial order, . . . the court, upon motion or the court's own initiative, may make such orders with regard thereto as are just. . . ."). We affirm the disallowance of the telephone deposition in light of Welsh's noncompliance with the pretrial deadline.

## II.     *Better Business Bureau Rating*

Welsh contends the district court abused its discretion in excluding evidence of Lithia's rating with the Better Business Bureau. The rating was premised on customer complaints to the bureau.

At a hearing on a defense motion in limine, the district court found the rating evidence, to the extent it was based on customer complaints, was "hearsay within hearsay." Following the hearing, the district court filed an order adopting the reasoning used in declining to admit evidence of internet complaints about Lithia.

The court found "little probative value" to the complaints of other customers and "a substantial danger of unfair prejudice, confusion of the issues, misleading the jury, and wasting time with 'trials within the trial.'" *See* Iowa R. Evid. 5.403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."). Our review of a district court's ruling under these provisions is for an abuse of discretion. *See Pexa v. Auto Owners Ins. Co.*, 686 N.W.2d 150, 158 (Iowa 2004) ("The trial court has discretion to exclude relevant evidence when 'its probative value is substantially outweighed by the danger of *unfair* prejudice.'" (emphasis in original) (quoting Iowa R. Evid. 5.403)).

Again, we discern no abuse of discretion in the court's ruling. Because the rating was premised on customer complaints, admission of the rating easily could have caused the trial to devolve into mini-trials on each underlying complaint. *See Mercer v. Pittway Corp.*, 616 N.W.2d 602, 616–17 (Iowa 2000) (finding reversible error in the admission of 116 consumer complaints where "it would be necessary for the court to examine each prior incident to determine if it truly is substantially similar to the incident in the subject case"). The court had discretion to exclude the evidence on this ground. *Id.* at 617.

### III.    *Customer Reviews Collected by the Better Business Bureau*

Welsh takes issue with the district court's exclusion of customer reviews underlying the Better Business Bureau rating. For the reasons discussed above, we conclude the district court did not abuse its discretion in excluding the evidence under rule 5.403.

We affirm the jury verdict and the judgment in favor of the defendants.

**AFFIRMED.**